KRUITHOFF v BERTRAND

VENUE—SPECIFIC PERFORMANCE—REAL PROPERTY.
> Venue in an action for specific performance of an agreement which involves an interest in real property is proper in the county where the land is located (MCLA 600.1605).

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 June 21, 1972, at Lansing. (Docket No. 12788.) Decided September 28, 1972.

Complaint by Ruth Kruithoff against George F. Bertrand for specific performance of an agreement. Motion for change of venue granted for defendant. Plaintiff appeals by leave granted. Reversed and remanded.

*Godfrey Vander Werff,* for plaintiff.

*Korn & Burns,* for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and T. M. BURNS, JJ.

PER CURIAM. Plaintiff commenced this action in Kent County Circuit Court for specific performance of an agreement between her and the defendant. The agreement, made in Wexford County, called for defendant to pay plaintiff the sum of $14,500, $6,000 of which would be in cash and the balance by an assignment of an equity in real estate located in Kent County. Plaintiff is a resi-

REFERENCE FOR POINTS IN HEADNOTE
56 Am Jur, Venue §§ 9, 10.

dent of Barry County, and defendant is a resident of Wexford County.

Defendant made a timely motion for change of venue improperly laid,[1] in which he claimed that the action was in contract and should, therefore, be brought in Wexford County, where he was "established". MCLA 600.1621; MSA 27A.1621. Plaintiff claimed that venue was proper in Kent County because the action involved an interest in real property, which was located in that county. MCLA 600.1605; MSA 27A.1605.

The trial court granted defendant's motion and ordered that the cause be transferred to Wexford County. Plaintiff filed an application for leave to appeal with this Court, which was granted.

We hold that the trial court erred in granting defendant's motion. Plaintiff's complaint asked for specific performance of an agreement which involved an interest in real property. The property is located in Kent County. Therefore, venue existed in said county, pursuant to MCLA 600.1605(a); MSA 27A.1605(a). See *Bliss v Carter,* 26 Mich App 177 (1970).

An order will enter reversing the decision of the trial court and remanding for reinstatement of the action in Kent County.

Costs to appellant.

---

[1] See GCR 1963, 404.