*In re* FORFEITURE OF $11,800

Docket No. 104999. Submitted November 10, 1988, at Lansing. Decided February 7, 1989.

Cocaine and $11,800 in cash were seized from Gerald Sevenski by police authorities in Ingham County. The Ingham County Prosecuting Attorney initiated proceedings in Ingham Circuit Court for the forfeiture of the money seized. Joseph Shuler filed a claim to $8,000 of the seized funds, contending that his employer, a motorcycle dealer, had given him $8,000 in cash to buy parts but that Sevenski, while a guest in Shuler's home and without Shuler's permission, took the money the day before it was seized by the police. Following a hearing, the court, James R. Giddings, J., ordered the return of $8,000 to Shuler. The prosecuting attorney appealed, claiming Shuler had no standing to contest the forfeiture action since Shuler was not the owner of the $8,000 in question.

The Court of Appeals *held:*

The relevant forfeiture statute, MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f), provides in part that a thing of value is not subject to forfeiture by reason of any act or omission that is established by the owner of the item to have been committed or omitted without the owner's knowledge or consent. For purposes of the statute, the term "owner" may be broadly defined to include one who has a possessory interest in the res, with its attendant characteristics of dominion and control. In this case, Shuler's employer clearly relinquished its right of dominion and control over the $8,000 to Shuler, who signed a receipt for the money and was responsible for it. Shuler had complete discretion concerning whether the money would be spent and in what amount. Additionally, Shuler was to have received a share in any profits realized from the parts transaction and had reimbursed his employer for the funds taken by Sevenski. Thus, Shuler had a sufficient property interest in the funds to challenge the forfeiture.

Affirmed.

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27.24-27.26.
Supreme Court's views as to due process requirements of forfeitures. 76 L Ed 2d 852.

FORFEITURES AND PENALTIES — PROPERTY FURNISHED IN EXCHANGE
    FOR CONTROLLED SUBSTANCES — "OWNER."
        For purposes of the statute relating to the forfeiture of property
        furnished or intended to be furnished in exchange for a con-
        trolled substance, which statute provides that property is not
        subject to forfeiture by reason of any act or omission that is
        established by its owner to have been committed or omitted
        without the owner's knowledge or consent, the term "owner"
        includes one who has a possessory interest in the res, with its
        attendant characteristics of dominion and control (MCL
        333.7521[1][f]; MSA 14.15[7521][1][f]).

*Donald E. Martin,* Prosecuting Attorney, and
*Guy L. Sweet,* Assistant Prosecuting Attorney, for
Ingham County.

*Richard D. Shuler,* for Joseph Shuler.

Before: MacKENZIE, P.J., and WEAVER and E. A.
QUINNELL,* JJ.

PER CURIAM. Ingham County appeals as of right
from an order denying its motion for forfeiture to
the extent that it sought $8,000 claimed by appel-
lee Joseph Shuler and ordering that sum returned
to Shuler. The sole issue on appeal is whether
Shuler had standing to contest the forfeiture ac-
tion. We conclude that he did and affirm.

In July, 1986, police stopped a car driven by
Gerald Sevenski and seized several items, includ-
ing cocaine and $11,800 in cash. The county insti-
tuted forfeiture proceedings, and appellee Shuler,
with whom Sevenski had been staying, filed a
timely bond and claim to $8,000 of the seized
money. At a show cause hearing, Shuler testified
that his employer, a motorcycle dealer, had given
him the $8,000 the day before it was seized to buy
parts at an out-of-town sale. Shuler took the
money home, where Sevenski took it that night

---

* Circuit judge, sitting on the Court of Appeals by assignment.

while Shuler was out. Shuler testified that he was responsible for the money and had signed a receipt for it. At the time of the hearing, he had reimbursed his employer for the money.

The trial court found that Shuler's interest in the $8,000 was sufficient to give him standing to contest its forfeiture. MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f) provides in relevant part:

> The following property is subject to forfeiture:
>
> * * *
>
> (f) Any thing of value that is furnished or intended to be furnished in exchange for a controlled substance . . . . *To the extent of the interest of an owner, a thing of value is not subject to forfeiture* under this subdivision *by reason of any act* or omission *that is established by the owner* of the item *to have been committed* or omitted *without the owner's knowledge or consent.* [Emphasis added.]

The county contends that Shuler was without standing to contest the forfeiture since his employer was the owner of the $8,000.

The Michigan forfeiture statute closely parallels the analogous federal statute, 21 USC 881. Federal decisions have broadly defined "owner" to include one who has "a possessory interest in the *res,* with its attendant characteristics of dominion and control." *United States v One 1945 Douglas C-54 DC-4 Aircraft,* 604 F2d 27, 29-30 (CA 8, 1979). Consistent with this definition, standing to challenge a forfeiture has been found where the person has no certificate of legal title, but has a recognizable interest. Thus, a bailee of currency has been accorded standing, *United States v $38,000 in United States Currency,* 816 F2d 1538 (CA 11, 1987), as has a conservator of an owner's estate, *United*

*States v $129,374 in United States Currency,* 769 F2d 583 (CA 9, 1985).

In this case, Shuler's employer clearly relinquished its right of dominion and control over the $8,000 to Shuler. He signed a receipt for the money and was responsible for it. He had complete discretion concerning whether the money would be spent and in what amount. Shuler's responsibility for the funds is further supported by his testimony that, at the time of the hearing, he had repaid his employer for the lost funds.

The county argues that Shuler did not possess the money when it was seized, since Sevenski had taken it from Shuler's home. Shuler did not voluntarily relinquish his right to control or possess the property, however; Sevenski stole it, or at best, removed it without permission. Such an unlawful taking should not divest Shuler of his possessory interest for purposes of challenging the forfeiture.

The county argues that Shuler, as his employer's agent, may not deny the title of his principal, citing *Stephenson v Golden,* 279 Mich 710, 760; 276 NW 849 (1937). However, that case dealt with a controversy between an agent and his principal, not a dispute between an agent and third parties. The county also cites several cases which it claims support the proposition that an agent acquires no interest in his principal's property. However, according to Shuler's testimony, he was to receive a share of the profits from the parts he was going to purchase with the money. In this sense, Shuler was more than a courier. Shuler was to use the money, in his discretion, in order to benefit both his employer and himself.

Recognizing that Shuler reimbursed his employer the $8,000, the county asserts that no interest in property can be acquired after its seizure, citing *United States v One Piece of Real Estate,*

571 F Supp 723, 725 (WD Tex, 1983). Shuler correctly points out a difference between the federal and Michigan statutes on this issue. The federal statute precludes property rights arising after seizure. See 21 USC 881(a). The Michigan statute does not preclude property rights from existing in property subject to forfeiture. In any event, the repayment supports Shuler's claim of interest in the property, due to his responsibility for it.

We conclude that Shuler had a sufficient property interest in the funds to challenge the forfeiture. The trial court's ruling that Shuler had standing to challenge the forfeiture is affirmed.

Affirmed.