*In re* FORFEITURE OF $234,200

Docket No. 173498. Submitted February 20, 1996, at Grand Rapids. Decided June 21, 1996, at 9:15 A.M. Leave to appeal sought.

The Midland County Prosecuting Attorney sought in the Midland Circuit Court forfeiture pursuant to the controlled substances act of $234,200 and several items of personal property seized by the police from Michael Tufnell's garage after his death. The decedent died intestate, leaving his parents, Weller and Dorothy Tufnell, as the only heirs at law. Weller Tufnell was appointed personal representative of the decedent's estate following the seizure. Weller and Dorothy Tufnell filed a claim, asserting that Weller, as personal representative of the decedent's estate, and Weller and Dorothy, as the heirs of the decedent, were innocent owners of the property. The court, Paul J. Clulo, J., rejected the Tufnells' claim and granted summary disposition for the prosecutor. The Tufnells appealed.

The Court of Appeals *held*:

1. MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f) provides that property is not subject to forfeiture by reason of any act or omission that is established by its owner to have been committed or omitted without the owner's knowledge or consent. In this case, Weller and Dorothy Tufnell are owners of the property who may claim the benefit of the innocent owner defense because legal title to personal property of a decedent, testate or intestate, vests in the personal representative of the decedent's estate until the estate is fully settled and distributed, or the property is otherwise disposed of, and equitable title to the decedent's property vests in the decedent's heirs at the time of death, subject to the rights of creditors and the expenses of administration.

2. Ownership of property subjected to forfeiture does not vest in the government when the act giving rise to forfeiture is committed but when a judgment of forfeiture is obtained. Accordingly, the Tufnells are not precluded from claiming ownership.

3. On remand, judgment may be entered in favor of Weller and Dorothy Tufnell, who in an affidavit have averred that they are innocent owners, if the prosecutor fails to raise a genuine issue of fact with respect to the Wellers' asserted status as innocent owners.

Reversed and remanded.

1. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — INNOCENT OWN-
ERS — PERSONAL REPRESENTATIVES — HEIRS AT LAW.

The heirs of a decedent and the personal representative of the estate
of a decedent whose estate has not been fully settled and distrib-
uted and whose property was seized and subjected to forfeiture
under the controlled substances act following the decedent's death
are owners who may claim the benefits of the controlled sub-
stances provision that states that property is not subject to forfei-
ture by reason of any act or omission that is established by its
owner to have been committed or omitted without the owner's
knowledge or consent (MCL 333.7521[1][f]; MSA 14.15[7521][1][f]).

2. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES.

Ownership of property subjected to forfeiture pursuant to the con-
trolled substances act does not vest in the government when the
act giving rise to forfeiture is committed but when a judgment of
forfeiture is obtained; ownership may be acquired by an innocent
third party between the time the illegal act occurs and the time the
forfeiture is decreed (MCL 333.7521; MSA 14.15[7521]).

*Norman W. Donker*, Prosecuting Attorney, and
*Michael S. Wolsh*, Assistant Prosecuting Attorney, for
the people.

*James C. Thomas*, for Weller and Dorothy Tufnell.

Before: MARKEY, P.J., and HOLBROOK, JR., and M. J.
MATUZAK,* JJ.

PER CURIAM. This case presents an issue of first
impression in this state: Does an heir of a decedent or
the personal representative of the decedent's estate,
which includes personal property that was seized
under MCL 333.7521; MSA 14.15(7521) after the dece-
dent's death, have standing to assert an innocent
owner defense against the in rem forfeiture? We
answer this question in the affirmative.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

I

Michael Tufnell was killed on August 8, 1993; he was unmarried, had no children surviving him, and died intestate. Claimants Weller and Dorothy Tufnell, as Michael's parents, were his sole heirs. On September 14, 1993, Weller Tufnell was named the personal representative of his son's estate.

On August 11, 1993, the Midland County Sheriff's Department had executed a search warrant at Michael Tufnell's storage garage, seizing $234,200 in currency, a 1965 Ford Mustang, thirty-five collectable comic books, twelve boxes containing approximately 1,400 collectable baseball cards, a triple-beam scale, marijuana, and an electronic scale. Pursuant to MCL 333.7521; MSA 14.15(7521), the Midland County Prosecuting Attorney initiated forfeiture proceedings, naming claimants as potentially interested parties. The prosecutor alleged that an investigation had revealed that Michael Tufnell was a distributor of cocaine and marijuana. Claimants filed a response, asserting various affirmative defenses, including that the search and seizure were unlawful and that, as Michael Tufnell's heirs at law and Weller Tufnell as personal representative of Michael's estate, claimants were "innocent owners" under MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f).

Claimants moved for summary disposition pursuant to MCR 2.116(C)(7) and (10), arguing that because they were innocent owners the seized property was not forfeitable. In separate affidavits, both claimants averred that they had no knowledge of any drug dealing by their son. The prosecutor's written response to claimants' motion asserted that claimants were "not entitled to an innocent owner defense." At the motion

hearing, the trial court concluded that, as a matter of law, claimants did not have standing in their capacity as heirs or Weller Tufnell's capacity as personal representative of the estate to assert a claim as innocent owners under the forfeiture statute. The court reasoned that claimants had no ownership interest that could ripen into a claim of innocent ownership. Furthermore, the court concluded that, even if a relation-back principle were applied, any ownership interest of the claimants would relate back "to a time in which they had absolutely no interest." The court entered an order granting summary disposition to the prosecutor, and claimants now appeal as of right.

II

Michigan law provides that anything of value that is used to facilitate a violation of the controlled substances act or that can be traced to an exchange for a controlled substance is subject to forfeiture under MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f). However, the statute provides an important limitation of the state's broad forfeiture power:

> To the extent of the interest of an owner, a thing of value is not subject to forfeiture under this subdivision by reason of any act or omission that is established by the owner of the item to have been committed or omitted without the owner's knowledge or consent.

To determine whether claimants have standing to assert an innocent owner defense against the forfeiture, we must define claimants' property interest, if any, according to established Michigan common law, and then determine whether that ownership interest is sufficient under § 7521 to confer standing to assert an innocent owner defense.

In Michigan, legal title to personal property of a decedent, testate or intestate, vests in the personal representative until the estate is fully settled and distributed, or the property is otherwise disposed of. Equitable title to the property vests in the decedent's heirs at the time of death, subject to the rights of creditors and the expenses of administration. *Hay v Hay*, 317 Mich 370, 386-387; 26 NW2d 908 (1947); *Glass v Crossman*, 289 Mich 130, 138-139; 286 NW 184 (1939).

Because the term "owner" in the Michigan forfeiture statute is not statutorily defined, we must interpret the term according to its commonly used meaning. This Court has broadly defined the term to include a putative claimant who has no certificate of legal title, but has a recognizable interest. For example, in *In re Forfeiture of $11,800*, 174 Mich App 727; 436 NW2d 449 (1989), this Court concluded that an employee with a possessory interest in $8,000 given to him by his employer had standing to challenge its forfeiture where the money had been taken by his housemate without permission. *Id.* at 728-731. See also *In re Forfeiture of $53*, 178 Mich App 480, 493; 444 NW2d 182 (1989) (an "owner's" interest "may take on different forms, i.e., legal title or even equitable title").

In a factually similar case, the Illinois Court of Appeals interpreted the term "owner" under that state's "innocent owner" provision of the forfeiture statute to include the personal representative and the beneficiary of an alleged drug offender's estate:

> The word "owner" may be used to describe one who has dominion or control over a thing, the title to which is in another. (Black's Law Dictionary 1259 (4th, ed 1951).) We

do not believe it could be seriously argued that a decedent's administrator was not entitled to have "dominion or control" over the contents of the decedent's safety deposit box. An "owner" has also been defined as "one that has the legal title or rightful title whether he is the possessor or not." (Webster's Third New International Dictionary 1612 (1981).) The administrator of a decedent's estate takes title as trustee for the payment of just claims and administration.

The word "owner" is *nomen generalissimum,* and its meaning is to be gathered from the connection in which it is used and from the subject matter to which it is applied and, when used in a statute, the obvious nature and purpose of the statute may indicate its meaning. Application of this maxim would lead to the conclusion that the word "owner" was intended by the legislature to mean the personal representative and the beneficiaries of decedent's estate in the context of the instant case. It was apparent that the legislature intended to permit proof that the owner of the property found in proximity to the forfeitable substance did not have knowledge or did not consent to the act or omission of the exchange of the money and the substance. If, as the State alleges, only the decedent qualified as the "owner" of the property, the exemption would be a nullity. Under the exemption only the "owner" can prove the lack of knowledge or consent. Obviously, a decedent could not make such proof. Further, since it is the lack of knowledge or consent of the "owner" that is essential to prove the exemption, if only the decedent was the "owner," then, in the instant case, the language creating the exemption would be surplusage. However, statutes are to be interpreted so as to give effect to all of their provisions and not so rigidly as to defeat legislative intent.

We conclude that the administrator of the estate of Raymond Kawa was the owner of the contents of the safety deposit box. It follows that as "owner" the administrator was qualified to prove that none of the money was subject to forfeiture, to the extent of his interest in the money as administrator, by reason of any act or omission which the administrator proves to have been committed or omitted without the administrator's knowledge or consent . . . .

[*People ex rel Foreman v Estate of Kawa*, 152 Ill App 3d
792, 798-799; 105 Ill Dec 698; 504 NE2d 983 (1987) (citations
omitted).]

We agree with the *Kawa* court's analysis. Thus, in this
case, claimants, as personal representative of
Michael's estate and as their son's sole heirs at law,
were vested with a recognizable ownership interest in
the property at the time it was seized and the interest
was sufficient to confer standing under the innocent
owner provision in § 7521(1)(f).

The prosecutor contends, however, that claimants
have no standing to assert an innocent owner defense
because any interest they did have as personal repre-
sentative or heirs vested after the property became
subject to forfeiture as a result of Michael Tufnell's
alleged illegal drug activities. The prosecutor asserts
that, at the time of the illegal conduct, claimants'
interest was a mere expectancy, which was insuffi-
cient to constitute ownership under the forfeiture
statute. We reject this argument.

The Michigan forfeiture statute does not preclude
property rights from existing in property subject to
forfeiture. *In re Forfeiture of $11,800, supra* at 731.
Notwithstanding differences in statutory language, the
United States Supreme Court has interpreted the fed-
eral forfeiture statute to preclude retroactive vesting
of title in the government until a judgment of forfei-
ture is obtained. In *United States v 92 Buena Vista
Ave*, 507 US 111; 113 S Ct 1126; 122 L Ed 2d 469, 482
(1993), a drug trafficker gave $240,000 in illegal drug
proceeds to his girlfriend as a gift, and she used the
money to purchase a home that was seized under the
federal forfeiture statute. The government asserted
that the federal statute—which, unlike the Michigan

statute, provides in 21 USC 881(a) that "no property right shall exist" in property subject to forfeiture, and further embodies an express relation-back provision in 21 USC 881(h) that "all right, title and interest in property described in subsection (a) . . . shall vest in the United States upon commission of the act giving rise to forfeiture under this section"—vested ownership of the property in the United States at the moment when the proceeds of the illegal drug transaction were used to pay the property's purchase price, thereby preventing the claimant from ever becoming an "owner." In rejecting the government's interpretation of the federal statute, the *Buena Vista* Court held that neither the statutory nor the common-law relation-back doctrine vests the government with ownership of the property until a judgment of forfeiture is obtained. Thus, a transferee who unknowingly obtains proceeds from an illegal drug transaction is not precluded from asserting an innocent owner defense. *Buena Vista, supra* at 129 (Stevens, J.), 134-135 (Scalia, J.). The Court reasoned that, because someone must own the property between the time that the illegal act occurs and the time that forfeiture is decreed, an innocent transferee may obtain an ownership interest in the property during that period. The innocent owner may then contest the forfeiture, thereby preventing the government's title from vesting and preventing the relation-back doctrine from ever arising. Thus, in accordance with *Buena Vista* and *In re Forfeiture of $11,800,* a putative claimant's ownership interest may arise after the occurrence of the illegal conduct that subjects the property to forfeiture.

Accordingly, we conclude that claimant Weller Tufnell, as personal representative, was vested with legal title to the personal property of his son's estate, and that he may assert an innocent owner defense to the extent that the property is needed to satisfy the estate's legitimate creditors and the expenses of estate administration. See *City of Bellevue v Cashier's Check for $51,000*, 70 Wash App 697, 704; 855 P2d 330 (1993). As personal representative, claimant Weller Tufnell stands in the shoes of decedent and is legally entitled to challenge the prosecutor's forfeiture action by asserting any claim that Michael Tufnell could have made if he were alive, including that of an innocent owner. We further conclude that claimants, as their son's heirs at law, were vested with equitable title to his personal property upon his death and that they held this title even though they did not know of the existence of the specific property seized. Thus, claimants also have standing in their individual capacity to challenge the forfeiture of the property.

Claimants, in support of their motion for summary disposition, submitted affidavits averring that they had no knowledge of their son's alleged drug activities when he died intestate and they became vested by operation of law with a recognizable ownership interest in his estate.[1] The prosecutor's untimely written response to claimants' motion alleged that claimants were "not entitled to an innocent owner

---

[1] Contrary to the prosecutor's contention, claimants did not concede at the summary disposition hearing that the prosecutor was entitled to forfeiture. Rather, it appears to us that claimants' counsel was merely acknowledging the trial court's adverse decision and seeking a final order from which to take an immediate appeal to this Court, thereby avoiding an imminent forfeiture trial at which claimants' innocent owner defense would not be adjudicated.

defense." The prosecutor alleged that "information has been provided through [law enforcement investigative] reports . . . implicat[ing] the claimants in Michael Tufnell's drug dealing." The prosecutor offered no documentary support for this claim, as required by MCR 2.116(G)(4), but, at the motion hearing, the assistant prosecutor explained his reluctance to provide claimants' counsel with a copy of the investigative reports because of the pending criminal case involving Michael Tufnell's homicide.[2] The trial court granted summary disposition in favor of the prosecutor, finding as a matter of law that claimants lacked standing to assert an innocent owner defense. Having now determined that the trial court erred in its ruling, we remand to permit the prosecutor an opportunity to produce "clear and decisive evidence" negating claimants' affirmative defense that they are innocent owners to the extent of their respective interests as personal representative and heirs. See *Palenkas v Beaumont Hosp*, 432 Mich 527, 550; 443 NW2d 354 (1989) (ARCHER, J). In the event that the prosecutor fails to raise a genuine issue of fact with respect to claimants' status as innocent owners, the

---

[2] On objection by claimants' counsel to the prosecutor "rais[ing] the issue without an affidavit," the prosecutor explained:

For purposes of this [motion], [the lack of evidentiary support is] a nonissue. And–and the reason I didn't answer by affidavit is because I see this as purely a legal question as to whether they are innocent owners or not and so I felt that it wasn't necessary for me to do any type of factual affidavit.

I mean, [claimants' counsel] phrases it in terms of that it's – it's a factual issue. It's not; it's a matter of law. Is the heir under the case law entitled to an innocent owner, is it an owner. I say no.

trial court may enter judgment for claimants as set forth in MCR 2.116(G)(4).

Reversed and remanded.