*In re* FORFEITURE OF A QUANTITY OF MARIJUANA

Docket No. 291993. Submitted October 6, 2010, at Lansing. Decided January 11, 2011, at 9:05 a.m.

The Saginaw County Prosecutor filed a complaint in the Saginaw Circuit Court, seeking an order of forfeiture pursuant to MCL 333.7521 for various items of personal and real property and to quiet title to real property, naming Gerald and Royetta Ostipow as defendants, together with their son, Steven P. Ostipow. The complaint alleged that a residence at 3551 East Allan Road, titled in Gerald's name, had been used as an indoor facility for growing marijuana. Most of the personal property had been seized from a different residence, where the Ostipows lived. In response to the complaint, claimants and Steven filed a handwritten document listing the property they wanted back. Plaintiff moved for summary disposition, and claimants filed an answer to the complaint in which they asserted that they were innocent owners, and filed a response to plaintiff's motion with which they filed affidavits stating they were innocent owners with no knowledge of any illegal activity associated with the property. The court, William A. Crane, J., granted the motion, concluding that claimants' affidavits were insufficient to create a question of fact on that issue. Claimants appealed.

The Court of Appeals *held*:

1. Property that is used to aid in the violation of the state's controlled substance proscriptions may be subject to forfeiture under MCL 333.7521. The statute provides an affirmative defense to the forfeiture if the property owner lacked knowledge of or did not consent to the illegal act on which the forfeiture is premised. MCL 333.7521(1)(f). Although the burden is on the claimant to affirmatively prove the facts supporting the defense, the claimant is not required to show that it did everything that reasonably could be expected of it to prevent the activity. Claimants filed affidavits asserting that they had no knowledge of any criminal activity associated with the property and that they were innocent owners with respect to the property. Because plaintiff failed to produce clear and decisive, admissible evidence to rebut claimants' asserting the defense, summary disposition should not have been granted in its favor.

2. The innocent-owner defense is an affirmative defense that must be stated in a party's responsive pleading or else it is considered waived. Claimants' handwritten letter to the court, filed *in propriis personis*, was not an answer or a responsive pleading. Therefore, their failure to raise the defense in their letter did not constitute a waiver of it. It was sufficient that claimants' counsel raised the defense in the answer filed in response to the complaint.

Reversed.

O'CONNELL, P.J., dissenting, would have held that claimants' affidavits were insufficient to establish that they were innocent owners because the statements were merely conclusory assertions that they knew nothing of their son's illegal activity, and they did not present any specific facts supporting those conclusions.

FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — INNOCENT OWNERS.

Property that is used to aid in the violation of the state's controlled substance proscriptions may be subject to forfeiture under MCL 333.7521; MCL 333.7521(1)(f) provides an affirmative defense to the forfeiture if the property owner lacked knowledge of or did not consent to the illegal act on which the forfeiture is premised; although the burden is on the claimant to affirmatively prove the facts supporting the defense, the claimant is not required to show that it did everything that reasonably could be expected of it to prevent the activity.

*Michael D. Thomas*, Prosecuting Attorney, and *A. George Best II*, Assistant Prosecuting Attorney, for the people.

*Burkhart, Picard, Tiderington & McLeod, PLLC* (by *Thomas D. Burkhart*), for Gerald and Royetta Ostipow.

Before: O'CONNELL, P.J., and BANDSTRA and MARKEY, JJ.

MARKEY, J. In this forfeiture action, claimants Gerald Ostipow and Royetta Ostipow[1] appeal by right the trial

---

[1] Claimant Steven Paul Ostipow has not appealed, so further references to "claimants" designate Gerald Ostipow and Royetta Ostipow only.

court's order granting plaintiff's motion for summary disposition. The trial court denied claimants' motion for reconsideration but granted claimants' motion for stay provided claimants posted a $150,000 bond. This Court declined to review the bond conditions of the stay. We now reverse and remand for further proceedings consistent with this opinion.

### I. FACTUAL BACKGROUND

On June 13, 2008, plaintiff filed a complaint for forfeiture and to quiet title to real property, naming claimants as defendants, together with their son, Steven Ostipow, as well as the various items of personal property for which plaintiff sought an order of forfeiture pursuant to MCL 333.7521. Plaintiff sought forfeiture of claimants' real property at 3551 East Allan Road in Shiawassee County under MCL 333.7521(1)(c), alleging in subparagraph 5(a) of the complaint that the residence was used or intended to be used as a container for controlled substances, or for raw materials, products, or equipment of any kind, used or intended to be used to manufacture, compound, process, or deliver a controlled substance. The complaint in subparagraphs 5(b) and 5(c) further alleged that the real property was subject to forfeiture under MCL 333.7521(1)(f) because it was a thing of value used or intended to be used to facilitate any controlled substances violation, or was traceable to proceeds of controlled substance violations. Regarding the factual basis to justify forfeiture, the complaint alleged that the Saginaw County Sheriff's Department executed a search warrant at 3551 East Allan Road on April 25, 2008, and discovered marijuana growing inside the residence. Steven Ostipow purportedly admitted that he was responsible for the marijuana-growing operation. A subsequent search

warrant was executed at claimants' residence located at 3996 Allan Road, where Steven also resided, resulting in authorities seizing most of the subject personal property. Plaintiff alleged that Gerald Ostipow held title to the property at 3551 East Allan Road and that Royetta Ostipow, his wife, held an equitable interest in the property. To support an inference that claimants were aware of Steven's marijuana-growing operation at the East Allan Road residence, plaintiff alleged Steven told authorities that "his father had talked to him about getting a job and not growing marijuana."

In response to the complaint, Steven and claimants filed a handwritten document with the trial court on July 3, 2008, with the heading: "Here is a list of the Items we want Back." The list included the property at 3551 East Allan Road, a Chevrolet Nova, a Ski-Doo snowmobile, 15 guns, rifles, and a muzzle loader, ammunition, gun cases, scopes, and $360 in cash. This document did not answer any of the allegations of the complaint, nor did it contain any allegations of fact. Plaintiff contends that after a proper answer complying with the court rules was not timely filed, it attempted to file a default but the court's clerk refused on the basis that claimant's handwritten letter was an answer to the complaint. So plaintiff subsequently filed a motion for summary disposition pursuant to MCR 2.116(C)(8), (9), and (10), arguing that Steven and claimants had failed to state a claim upon which relief could be granted or to argue a defense or affirmative defense, and, therefore, plaintiff was entitled to judgment as a matter of law. Plaintiff also argued that claimants' failure to admit or deny the allegations in the complaint should be treated as admissions pursuant to MCR 2.111(C), (D), and (E).

Before plaintiff's motion was heard, claimants obtained counsel and on August 20, 2008, filed an answer to plaintiff's complaint that included affirmative defenses. On the same day, they filed an answer to plaintiff's motion for summary disposition. The answer to the complaint denied plaintiff's allegation that Steven made a statement regarding a statement that Gerald had made. As affirmative defenses, claimants alleged that the Saginaw Circuit Court lacked jurisdiction to hear the case because the property was seized in Shiawassee County,[2] and that claimants were innocent owners who lacked any knowledge of illegal activity related to the real and personal property for which plaintiff sought an order of forfeiture. In support of this last allegation, each claimant filed an affidavit with the

---

[2] Although not raised as an issue on appeal, venue for this action is improper in Saginaw County. Claimants raised this issue in the trial court as one of jurisdiction, but the circuit court has statewide jurisdiction. See MCL 600.751 ("The courts of record of this state shall have jurisdiction over land situated within the state whether or not the persons owning or claiming interests therein are subject to the jurisdiction of the courts of this state."), and MCL 600.755 (statewide jurisdiction for personal property). But venue regarding a claim to an interest in real property lies in the county where situated. MCL 600.1605; *Kruithoff v Bertrand*, 43 Mich App 233, 234; 203 NW2d 755 (1972). All the personal property at issue was seized in Shiawassee County, and the real property is situated in Shiawassee County. In addition, the forfeiture complaint alleges only criminal activity in Shiawassee County. Consequently, it appears that venue regarding the forfeiture of the personal property would also properly be Shiawassee County. MCL 600.1605; *In re Forfeiture of Certain Personal Prop*, 441 Mich 77, 88 n 8; 490 NW2d 322 (1992).

Despite the apparent improper venue, claimants must still move the trial court for a change of venue. A judgment entered in Saginaw County would not be voidable on the basis of improper venue. See MCL 600.1645 ("No order, judgment, or decree shall be void or voidable solely on the ground that there was improper venue.") and MCL 600.1651 ("An action brought in a county not designated as a proper county may nevertheless be tried therein, unless a defendant moves for a change of venue within the time and in the manner provided by court rule . . . .").

court on August 25, 2008, averring they were innocent owners having no knowledge of any illegal activity associated with the property.

The trial court held a hearing on plaintiff's motion for summary disposition on January 12, 2009. Plaintiff argued that because claimants' initial handwritten letter failed to state either a claim upon which relief can be granted or a defense or affirmative defense and because it did not raise a genuine issue of material fact, plaintiff's motion should be granted. Plaintiff also argued claimants' affidavits stating their ignorance of illegal activity that occurred on their real property were insufficient to support their affirmative defense of innocent ownership. Claimants' counsel argued that claimants, through their answer, affirmative defenses, and affidavits, had raised material questions of fact regarding their affirmative defense of being innocent owners. Counsel further argued that the court must review all the pleadings in the light most favorable to the nonmoving party and that, if it did so, the presence of material issues of fact precluded granting summary disposition to plaintiff.

The trial court apparently accepted plaintiff's argument, and granted the motion for summary disposition. The court remarked regarding the pleadings filed by claimants' attorney that claimants "just deny criminal activity and assert they're innocent owners, but I . . . didn't see any affirmative defenses. I don't even see any answer that gives the prosecutor some basis on which to respond as to why they're innocent owners." The court acknowledged that claimants had filed affidavits asserting they were innocent owners but observed that claimants' affidavits provided nothing "different than what the answer says."

The trial court held a hearing on claimants' motion for reconsideration on April 6, 2009. In denying the motion, the trial court again ruled that claimants' affidavits stating that they were unaware of any illegal activity related to their property were insufficient to require a trial.

The trial court's order granting summary disposition and order of forfeiture was entered January 13, 2009. The court's order denying reconsideration was entered on April 17, 2009. This appeal followed.

## II. STANDARD OF REVIEW

The trial court may grant summary disposition of all or part of a claim or defense when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). While plaintiff cited additional court rules in support of its motion, and the trial court did not state on which rule it relied, the record establishes the court considered claimants' answer and affidavits but found them insufficient to raise a material issue of fact warranting trial. Accordingly, we review the trial court's ruling under MCR 2.116(C)(10). See *Driver v Hanley (After Remand)*, 226 Mich App 558, 562; 575 NW2d 31 (1997).

This Court reviews de novo whether a trial court has properly granted a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Likewise, we review de novo issues of statutory interpretation, as well as the proper interpretation of court rules. *Id.*; *Echelon Homes, LLC v Carter Lumber Co*, 472 Mich 192, 196; 694 NW2d 544 (2005).

### III. ANALYSIS

We agree with claimants' argument below and on appeal that their answer, affirmative defenses, and affidavits raised material issues of fact regarding claimants' so-called innocent owner affirmative defense sufficient to avoid summary disposition. We conclude that plaintiff misplaces reliance on federal caselaw to argue below and on appeal that claimants have an additional burden of proof apart from that required by MCL 333.7521(1)(f). Additionally, plaintiff's arguments regarding procedural waiver are unavailing.

MCL 333.7521 governs property that is subject to forfeiture for being an aid in the violation of the state's controlled substance proscriptions. The innocent owner defense pertinent to this case is set forth in MCL 333.7521(1)(f): "To the extent of the interest of an owner, a thing of value is not subject to forfeiture under this subdivision by reason of any act or omission that is established by the owner of the item to have been committed or omitted without the owner's knowledge or consent." The burden is on the owner of the property to establish this affirmative defense. *In re Forfeiture of $53*, 178 Mich App 480, 486; 444 NW2d 182 (1989).

Here, claimants filed affidavits asserting that they "had no knowledge of any criminal activity associated with any said property" and that they were innocent owners with respect to the subject properties. Plaintiff argued during the hearing on its motion for summary disposition that the claimants' statements attesting to their ignorance of their son's activities were not sufficient evidence to support the innocent owner defense. Plaintiff relies on federal caselaw holding that in order for a claimant or defendant "[t]o prevail on a defense of innocent ownership, a claimant must prove not only that it was uninvolved in and unaware of the activity

upon which forfeiture is sought, but also that it did everything that reasonably could be expected of it to prevent the activity." *United States v One 1980 Bertram 58' Motor Yacht*, 876 F2d 884, 888 (CA 11, 1989). Plaintiff's argument is misplaced because Michigan's innocent owner defense to a forfeiture action is purely statutory and not governed by federal common law or federal statute.[3]

Michigan's forfeiture statute does not require claimants do everything that reasonably could be expected to prevent the criminal activity forming the basis for forfeiture. At common law, innocent ownership was not a defense to a forfeiture action. Absent a statutory or constitutional defense, "the innocence of the owner of property subject to forfeiture has almost uniformly been rejected as a defense." *Calero-Toledo v Pearson Yacht Leasing Co*, 416 US 663, 683; 94 S Ct 2080; 40 L Ed 2d 452 (1974). See also *Mich ex rel Wayne Co Prosecutor v Bennis*, 447 Mich 719; 527 NW2d 483 (1994), aff'd *Bennis v Michigan*, 516 US 442; 116 S Ct 994; 134 L Ed 2d 68 (1996) (holding that knowledge or consent was not required under the nuisance abatement statute, MCL 600.3801, to forfeit the interest of an innocent coowner of an automobile used to further prostitution). These cases, however, recognize constitutional limits to the general, common-law rule that innocent ownership would not defeat a forfeiture action. The *Calero-Toledo* Court observed in dicta that "it would be difficult to reject the constitutional claim of an owner whose property subjected to forfeiture had been taken from him without his privity or

---

[3] The federal forfeiture statute, 18 USC 983(d)(2)(A), defines "innocent owner" as "an owner who—(i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property."

consent." *Calero-Toledo,* 416 US at 689; see also *Bennis,* 447 Mich at 741. The same constitutional defense might apply to "an owner who proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property." *Calero-Toledo,* 416 US at 689. The apparent basis for the defense would be substantive due process because in the circumstances imagined, "it would be difficult to conclude that forfeiture served legitimate purposes and was not unduly oppressive." *Id.* at 689-690. Thus, the language on which plaintiff here relies arises in the context of a constitutional exception to the common-law rule that innocent ownership is not a defense to a forfeiture action. See *One Blue 1977 AMC Jeep CJ-5 v United States,* 783 F2d 759, 762 (CA 8, 1986).

MCL 333.7521(1)(f) provides in pertinent part: "To the extent of the interest of an owner, a thing of value is not subject to forfeiture under this subdivision by reason of any act or omission that is established by the owner of the item to have been committed or omitted without the owner's knowledge or consent." The statute's plain terms place the burden on a claimant to affirmatively prove the so-called innocent owner defense. "[T]he forfeiture of the res is subject to the interest of a co-owner who proves that the proscribed act was done without his or her knowledge or consent, express or implied." *In re Forfeiture of $53,* 178 Mich App at 496. The statute's requirement that the claimant lack "knowledge or consent" of the acts or omission forming the basis for forfeiture means the innocent owner defense is defeated if the claimant has either knowledge of "or" consented to the illegal activity. Also, the word "knowledge" does not include the concept of constructive knowledge. *Echelon Homes,* 472 Mich at 197. Thus, an innocent owner defense would be de-

feated only by actual knowledge of the illegal activity. A claimant's consent, however, might be implied from the circumstances even without knowledge. See *In re Forfeiture of $53*, 178 Mich App 498 n 3.

In this case, because claimants asserted innocent ownership as an affirmative defense to the forfeiture action, the burden was on claimants to produce evidence that they neither had knowledge of nor consented to the illegal activity forming the basis for forfeiture. *Attorney General ex rel Dep't of Environmental Quality v Bulk Petroleum Corp*, 276 Mich App 654, 664; 741 NW2d 857 (2007); *In re Forfeiture of $53*, 178 Mich App at 496. Claimants presented evidence to support their affirmative defense, so the burden shifted back to plaintiff to produce clear and decisive evidence to negate the defense. *In re Forfeiture of $234,200*, 217 Mich App 320, 329; 551 NW2d 444 (1996). Plaintiff did not produce additional evidence to rebut claimants' asserted innocent owner defense. Rather, plaintiff relied on the documents initially submitted with the motion for summary disposition. Specifically, to show claimants' guilty knowledge plaintiff relied on police reports—inadmissible triple hearsay reporting a statement of Steven Ostipow about a statement of Gerald Ostipow.

Because the claimants filed their answer with affirmative defenses and supporting affidavits before the trial court ruled on plaintiff's motion for summary disposition, the trial court was required to consider them in deciding the motion under MCR 2.116(C)(10). "The affidavits, together with the pleadings, depositions, admissions, and documentary evidence *then filed* in the action or submitted by the parties, must be considered by the court when the motion is based on subrule (C)(1)-(7) or (10)." MCR 2.116(G)(5) (emphasis added). Moreover, plaintiff was required to support its

motion for summary disposition with affidavits, depositions, admissions, or other documentary evidence, the substance of which would be admissible at trial. MCR 2.116(G)(3), (4), (6); *Maiden v Rozwood*, 461 Mich 109, 121, 123 n 5; 597 NW2d 817 (1999). Here, as discussed already, plaintiff only submitted police reports, which generally are inadmissible hearsay. MRE 801(c); MRE 802; *Maiden*, 461 Mich at 124-125. The police reports contain no admissible admissions by claimants that they possessed knowledge of the marijuana-growing operation in the house they owned. Instead, the police reports contain hearsay statements of all three claimants that Gerald Ostipow and Royetta Ostipow lacked knowledge of the marijuana-growing operation. And, to rebut claimants' assertion of innocent ownership, plaintiff relied on a purported statement by Steven Ostipow to authorities that Gerald urged Steven to get a job and not to grow marijuana. But this statement is inadmissible hearsay within hearsay as to claimants. MRE 802; MRE 805; *Maiden*, 461 Mich at 124-125. Consequently, it may not be used to support a motion for summary disposition regarding claimants' interests in the property. MCR 2.116(G)(6). "[B]oth the rules of evidence and the rules of civil procedure apply in forfeiture proceedings." *In re Forfeiture of 301 Cass Street*, 194 Mich App 381, 386; 487 NW2d 795 (1992).

Claimants not only denied the triple hearsay on which plaintiff relies but also submitted affidavits that they lacked knowledge of and did not consent to the illegal activity forming the basis for the forfeiture action. The innocent owner defense of MCL 333.7521(1)(f) requires no more. Consequently, we conclude the trial court erred by granting plaintiff's motion for summary disposition because the affidavits, pleadings, and documentary evidence then filed in the action or submitted by the parties, MCR 2.116(G)(5), the content or sub-

stance of which would be admissible as evidence at trial, MCR 2.116(G)(6), showed at a minimum that material questions of fact remained regarding claimants' innocent owner affirmative defense.

As noted already, we find plaintiff's arguments regarding procedural waiver unavailing. Plaintiff argues that the trial court could not have considered claimants' answer to the complaint that counsel filed because it was not properly before the court for the reason that counsel did not seek leave to amend claimants' original handwritten response. Further, plaintiff argues claimants' failure to raise affirmative defenses in this first pleading waived the innocent owner defense. We briefly discuss these claims.

Claimants' handwritten letter to the court, filed *in propriis personis*, was not an "answer" or a "responsive pleading"; therefore, claimants did not waive their affirmative defense of being innocent owners. The letter did not respond or answer by admitting, denying, pleading no contest to, or asserting lack of knowledge of any of the allegations in the complaint for forfeiture. MCR 2.111(C). Plaintiff repeatedly, below, on brief, and in oral argument, acknowledged that claimants' handwritten letter was not an "answer" to the forfeiture complaint. "Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118." MCR 2.111(F)(3). But only complaints, third-party complaints, cross-claims, counterclaims, answers, and replies to answers are pleadings. MCR 2.110(A). Consequently, the claimants' handwritten letter was neither an "answer" nor a "responsive pleading" under the court rules. A party must assert its defenses to a claim in a responsive pleading, and "[a] defense not asserted in the responsive pleading or by motion as provided by

these rules is waived . . . ." MCR 2.111(F)(2). Because
affirmative defenses need not be pleaded until a party
files a responsive pleading, and claimants' handwritten
letter was not a responsive pleading, claimants' failure
to assert their innocent owner affirmative defense did
not waive that defense. See *Huntington Woods v Ajax
Paving Indus, Inc (On Rehearing)*, 179 Mich App 600,
601; 446 NW2d 331 (1989).

Although plaintiff might properly have entered a
default in this action before claimants' counsel filed an
answer on their behalf because the claimants had
"failed to plead or otherwise defend as provided by
these rules," MCR 2.603(A)(1), a default was not en-
tered. Entry of default is not automatic. Rather, the
facts justifying entry of default must be made known to
the clerk of the court by "by affidavit or otherwise." *Id*.
The court file here reflects that plaintiff did not file an
affidavit in support of default. Rather, plaintiff merely
represents that he sought to enter a default, but the
clerk refused to enter one. Plaintiff's remedy would
have been to file a motion for default, with an affidavit
and brief in support, explaining why claimants' letter
was not a pleading or other defense to the forfeiture
action. See MCR 2.119. Additionally, because claimants'
letter was not an answer to the complaint or a respon-
sive pleading, it was unnecessary for claimants' counsel
to seek leave of the court to amend it. Finally, as already
discussed in considering plaintiff's motion for summary
disposition under MCR 2.116(C)(10), the trial court was
required to consider "[t]he affidavits, together with the
pleadings, depositions, admissions, and documentary
evidence then filed in the action or submitted by the
parties . . . ." MCR 2.116(G)(5). Because such materials
in this case showed at a minimum that material ques-
tions of fact remained regarding claimants' innocent

owner affirmative defense, the trial court erred in granting plaintiff summary disposition.

We reverse and remand for further proceedings consistent with this opinion. Claimants, the prevailing party, may tax costs pursuant to MCR 7.219. We do not retain jurisdiction.

BANDSTRA, J., concurred.

O'CONNELL, P.J. (*dissenting*). I respectfully dissent.

In a forfeiture action, the burden of proof is on the claimant to establish the innocent owner defense. *In re Forfeiture of $53*, 178 Mich App 480, 486; 444 NW2d 182 (1989). To avoid forfeiture, the claimant must establish that the illegal activities that formed the basis of the forfeiture action were committed without the claimant's knowledge or consent. *Id.* at 496; MCL 333.7521(1)(f). In this case, the majority concludes that claimants' affidavits were sufficient to avoid summary disposition based on the innocent owner defense, even though the affidavits contained merely claimants' conclusory assertions that they knew nothing of their son's illegal activity. In my view, the trial court correctly determined that claimants' affidavits were insufficient to create a question of fact on the innocent owner defense. Accordingly, I would affirm the trial court's well-reasoned decision.

As this Court has repeatedly recognized, "mere conclusory allegations within an affidavit that are devoid of detail are insufficient to create a question of fact." *Hamade v Sunoco, Inc (R&M)*, 271 Mich App 145, 163; 721 NW2d 233 (2006), citing *Quinto v Cross & Peters Co*, 451 Mich 358, 371-372; 547 NW2d 314 (1996); see also MCR 2.119(B)(1)(b). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which

reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Here, claimants' affidavits stated they had no knowledge of any criminal activity associated with their real or personal property. Neither the affidavits nor the pleadings presented any specific facts to support these statements.[1] As the trial court explained, the pleadings filed by claimants' attorney "just deny criminal activity and assert they are innocent owners, but I . . . didn't see any affirmative defenses. I don't see any answer that gives the prosecutor some basis on which to respond as to why they are innocent owners." The trial court concluded, and I agree, that claimants presented no evidence sufficient to withstand summary disposition.[2] See *Bennett v Detroit Police Chief*, 274 Mich App 307, 317-319; 732 NW2d 164 (2007) (moving party is entitled to summary disposition when nonmoving party's unsupported, speculative evidence was insufficient to create a fact issue).

I would affirm the decision of the trial court.

---

[1] I recognize that it might be difficult for claimants to assert specific facts regarding innocent ownership, in light of the Saginaw County Sheriff's Department seizure of an indoor marijuana-growing operation consisting of several hundred marijuana plants, processed marijuana, drug paraphernalia, and records related to the manufacture and sale of marijuana. Nonetheless, I am of the opinion that claimants must assert some facts to establish they were unaware that several hundred marijuana plants were growing in the house.

[2] The majority states that once claimants presented evidence to support their affirmative defense, "the burden shifted back to the prosecutor to produce clear and decisive evidence to negate the defense." In my view, this statement rests on the incorrect assumption that claimants actually presented evidence. The record indicates that claimants presented conclusory assertions; they did not present facts admissible as evidence. Where, as here, a nonmoving party has the burden of proof on an issue, that party must come forward with specific facts to show a genuine factual issue. *Quinto*, 451 Mich at 362-363. If that party fails to present sufficient evidence, the burden never shifts, and the moving party is entitled to summary disposition. *Id.*