*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAMIKO RAYSHELL WEATHERSPOON,

Plaintiff-Appellant,

v

BETTY ANN PODOLAN and ESTATE OF
CHARLES KEITH WHITESIDE,

Defendants,

and

MEMBERSELECT INSURANCE COMPANY,
AUTO CLUB GROUP INSURANCE COMPANY,
and AUTO CLUB INSURANCE ASSOCIATION,

Defendants-Appellees.

UNPUBLISHED
February 10, 2026
10:36 AM

No. 371132
Macomb Circuit Court
LC No. 2022-001124-NI

Before: BORRELLO, P.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

Plaintiff, Tamiko Weatherspoon, appeals by leave granted[1] the trial court's order granting summary disposition in favor of defendants, MemberSelect Insurance Company, Auto Club Group

---

[1] *Weatherspoon v Podolan*, unpublished order of the Court of Appeals, entered December 9, 2024 (Docket No. 371132).

Insurance Company, and Auto Club Insurance Association, pursuant to MCR 2.116(C)(10) (no genuine issue of material fact).[2] We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 2019, plaintiff was involved in a motor vehicle collision while riding as a passenger in her 2008 Chevrolet Malibu. The other vehicle involved in the collision—a 2000 Toyota Echo—was being driven by Charles Whiteside and was owned by Whiteside's mother, Betty Podolan, who was a passenger in the car. At the time of the collision, plaintiff had a no-fault insurance policy with defendants, which included uninsured and underinsured motorist coverage.

On March 18, 2022, plaintiff filed a complaint, alleging, in relevant part, breach of contract by defendants for failing to pay uninsured motorist ("UM") benefits in accordance with the terms of her policy.[3] Specifically, plaintiff alleged that she suffered serious bodily injury from the March 2019 collision, that neither Podolan nor Whiteside was insured at the time of the collision, and that defendants had thus wrongfully refused to pay UM benefits when plaintiff filed a claim related to the collision. In response, defendants filed an answer generally denying plaintiff's allegations.

Defendants subsequently filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(10). Defendants argued that, in order to collect UM benefits under the terms of her insurance policy, plaintiff was required to show that Podolan, as the owner of the vehicle, and Whiteside, as the operator of the vehicle, were both uninsured at the time of the collision, and that plaintiff had failed to provide evidence demonstrating as much.[4] Defendants stressed the dearth of discovery that plaintiff had undertaken during the one and a half years since the complaint was filed, and also maintained that, while plaintiff may attempt to rely on certain content in the police report that had been prepared in connection with the collision, that evidence was inadmissible and inadequate to demonstrate a genuine issue of material fact. As evidentiary support, defendants attached to their motion a copy of plaintiff's insurance policy and a copy of the police report.

In her response, plaintiff asserted that she could maintain her claim for UM benefits because there was sufficient admissible evidence establishing that both Podolan and Whiteside were uninsured at the time of the collision. Plaintiff argued that Podolan's answer to a request for admission, in which she stated that she admitted that she had "diligent[ly] search[ed] her records" but could not "truthfully admit or deny" whether her car was uninsured at the time of the collision, demonstrated that she was uninsured. Plaintiff argued that the police report also provided proof

---

[2] Defendants Betty Ann Podolan and the estate of Charles Keith Whiteside are not parties to this appeal. Accordingly, "defendants" refers only to MemberSelect Insurance Company, Auto Club Group Insurance Company, and Auto Club Insurance Association.

[3] Plaintiff also alleged claims of negligence and negligent entrustment against Podolan, as well as a claim of negligence against Whiteside's estate. Whiteside passed away on June 9, 2019, for reasons unrelated to the collision.

[4] The terms of plaintiff's insurance policy defined "[u]ninsured motor vehicle," in relevant part, as a motor vehicle that is "not insured by an owner's or operator's bodily injury liability bond or policy that is applicable at the time of the accident[.]"

of Podolan's and Whiteside's lack of insurance, and that the report was substantively admissible under "MRE 801(d)(2), as a party admission, and MRE 804, as Mr. Whiteside [wa]s an unavailable declarant," and because plaintiff "intend[ed] to have the officer [who wrote the report] testify in person at trial." Finally, plaintiff argued that immediately after the collision, Podolan—with Whiteside standing silently beside her—admitted to plaintiff that "they did not have automobile insurance," which "provide[d] unrebutted evidence that" both Podolan and Whiteside were uninsured at the time of the collision. As her own evidentiary support, plaintiff provided a copy of Podolan's response to the request for admission; the police report; transcripts from her deposition; and her own affidavit, in which she attested to Podolan's statements to her immediately after the collision.

On January 9, 2024, the trial court issued a written opinion and order granting defendants' motion for summary disposition, concluding that plaintiff had failed to provide evidence sufficient to defeat the motion.[5] Plaintiff then filed a motion for reconsideration, which the trial court denied in a written opinion and order. This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Bartalsky v Osborn*, 337 Mich App 378, 382; 977 NW2d 574 (2021). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and it is "properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Cantina Enterprises II Inc v Property-Owners Ins Co*, 349 Mich App 682, 689; 28 NW3d 800 (2024).[6] All evidence submitted by the parties must be viewed "in the light most favorable to the party opposing the motion," *id*. at 690, and "shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion," MCR 2.116(G)(6). A genuine issue of material fact does not exist unless "the record leaves open an issue upon which reasonable minds might disagree." *Green v Pontiac Pub Library*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363459); slip op at 7.

## III. DISCUSSION

The parties do not dispute that, under the terms of her insurance policy, plaintiff must show that both Whiteside and Podolan were uninsured at the time of the collision in order to sustain her claim for UM benefits. On appeal, plaintiff argues that the trial court erred by granting summary

---

[5] The trial court decided the motion without oral arguments pursuant to MCR 2.119(E)(3).

[6] The trial court in this case did not expressly identify MCR 2.116(C)(10) as the basis for its decision to grant summary disposition in defendants' favor, but because defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (10) and the court considered documentary evidence beyond the pleadings, we treat the motion as having been granted pursuant to MCR 2.116(C)(10). See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

disposition to defendants on that claim because the following pieces of evidence created a genuine issue of material fact regarding Whiteside's and Podolan's uninsured status: (1) plaintiff's own affidavit attesting that Podolan told her, in Whiteside's presence, immediately after the collision that they did not have insurance, which was admissible as an admission of a party-opponent under MRE 801(d)(2); and (2) certain entries in the police report indicating a lack of insurance, which could also be properly considered for purposes of summary disposition.[7] We disagree that this evidence was sufficient to defeat defendants' motion for summary disposition under MCR 2.116(C)(10), as plaintiff has failed to demonstrate its content was plausibly admissible.

For the trial court to consider plaintiff's proffered evidence when making its summary-disposition determination, plaintiff was required to show that the content or substance of the evidence was at least plausibly admissible. See *Barnard Mfg Co v Gates Performance Eng'g, Inc*, 285 Mich App 362, 373-374; 775 NW2d 618 (2009); see also MCR 2.116(G)(6). "[D]ocumentary evidence that would be 'plausibly admissible' at trial if a proper foundation is laid is sufficient to survive a [motion under MCR 2.116(C)(10)]." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 526; 773 NW2d 57 (2009), citing *Maiden v Rozwood*, 461 Mich 109, 124-125; 597 NW2d 817 (1999). As a general matter, the proponent of the evidence must establish the foundational elements of an applicable hearsay exception. See, e.g., *Moncrief v City of Detroit*, 398 Mich 181, 189; 247 NW2d 783 (1976).

Regarding plaintiff's affidavit, plaintiff's account of the post-collision statement made by Podolan falls within the general definition of hearsay. See MRE 801(c) (defining "hearsay" as a declarant's extrajudicial statement offered by a party "to prove the truth of the matter asserted in the statement"). Plaintiff maintains, however, that Podolan's statement is not hearsay, and is thus admissible, because it was an admission by a party-opponent under MRE 801(d)(2). As defendants point out, however, caselaw indicates that the mere fact that Podolan is adverse to plaintiff in this case does not mean that Podolan's statements are admissible against *defendants*. See, e.g., *Stalbosky v Belew*, 205 F3d 890, 894 (CA 6, 2000) (holding that, under FRE 801(d)(2)(A), "a party's statement is admissible as non-hearsay only if it is offered against *that party*") (emphasis added); see also *People v Malone*, 445 Mich 369, 376-377; 518 NW2d 418 (1994) (noting that MRE 801(d) parallels FRE 801(d)).[8] Beyond a general and conclusory citation to MRE 801(d)(2), plaintiff has not offered, below or on appeal, any legal support for the proposition that Podolan's statement is admissible against defendants under that court rule. Nor has plaintiff argued on appeal that the statement is potentially admissible on some other basis. Accordingly, plaintiff has failed to show that her account of Podolan's statement was plausibly admissible such that it can be

---

[7] As indicated above, plaintiff offered a broader set of arguments in opposing summary disposition before the trial court, but she has not renewed those arguments on appeal, thereby abandoning them. See *Seifeddine v Jaber*, 327 Mich App 514, 520; 934 NW2d 64 (2019) (explaining that the failure to brief an issue on appeal constitutes abandonment). We correspondingly focus on the particular arguments that plaintiff has properly preserved and presented for our review.

[8] "Because the Michigan Rules of Evidence in general parallel the text of the federal rules on which the state committee's product was based," this Court may "find helpful and, in some instances, persuasive, commentary and caselaw that refers to the Federal Rules of Evidence." *People v Denson*, 500 Mich 385, 405 n 10; 902 NW2d 306 (2017) (quotation marks and citation omitted).

properly considered for purposes of summary disposition. See *Barnard*, 285 Mich App at 373-374; see also *Moncrief*, 398 Mich at 189.

Plaintiff's reliance on the content of the police report likewise falls short. Although police reports have been described as "generally . . . inadmissible hearsay," *In re Forfeiture of a Quantity of Marijuana*, 291 Mich App 243, 254; 805 NW2d 217 (2011), caselaw has also recognized that such reports may fall within certain hearsay exceptions and that their contents may be plausibly admissible when based on the police officer's personal observations, see, e.g., *Maiden*, 461 Mich at 124 (holding that "[t]he police report itself is plausibly admissible under the business record exception, MRE 803(6)"); *Latits v Phillips*, 298 Mich App 109, 113-114; 826 NW2d 190 (2012) (explaining that police reports may be admissible under MRE 803(6) or MRE 803(8) and that their contents may be plausibly admissible if based on the officer's personal observations). Any secondary hearsay contained in the report, however, requires its own basis for admission. See *Maiden*, 461 Mich at 124-125; *Latits*, 298 Mich App at 114.

Here, in the "UNIT/DRIVER" section of the report for "Unit Number 01," the police report identifies Whiteside as the driver and the Toyota Echo as the vehicle. It also provides various pieces of information about Whiteside and the Toyota Echo, and states "NONE" in boxes labeled "Insurance Policy #" and "Insurance Company." In a subsequent "OWNERS" section, the report identifies Podolan as the vehicle's owner and lists her address. As she did below, plaintiff points to the "NONE" entries on this report as evidence that Podolan and Whiteside were not insured at the time of the collision. But plaintiff has not identified anything in the record to demonstrate the plausible admissibility of the content of these entries—namely, to show that the content is not simply secondary hearsay or, if it is, that such hearsay would fall within a hearsay exception. See *Latits*, 298 Mich App at 113-114. There is nothing in the record, for instance, to indicate whether this information was based on the personal observations of the officer that completed the report. And to the extent the content is based on statements made by Podolan or Whiteside at the scene of the collision, plaintiff, as discussed, has failed to show that the party-opponent admission exception set forth in MRE 801(d)(2)—the only hearsay exception identified by plaintiff on appeal—would potentially provide a basis for admission. Nor, for that matter, is it clear from the report alone that these "NONE" entries refer not only to Whiteside's insured status but also Podolan's, given that the entries appear in the same section of the report that includes Whiteside's information as the driver of the Toyota Echo while Podolan's information as the owner appears in a separate section of the report. An affidavit or deposition testimony from the officer completing the police report would have presumably clarified these matters, but plaintiff did not offer it or any other such proofs. Plaintiff stresses that an affidavit or testimony from an officer is not always necessary for a court to rely on the content of a police report for purposes of summary disposition. While that general proposition may be true, it does nothing to cure the deficiencies in the record of this particular case. For the reasons discussed, that record—without more—is inadequate to demonstrate the plausible admissibility of the specific content of the report at issue. See *id*.; *1300 LaFayette*, 284 Mich App at 526.

Plaintiff also points to an entry on the report indicating that Whiteside was issued citations for "failure to yield," "driving while license suspended – second," and "no insurance." Plaintiff, however, waived this argument by failing to raise it until her motion for reconsideration below. See *AAA Life Ins Co v Dep't of Treasury*, ___ Mich App ___, ___; ___ NW3d___ (2024) (Docket No. 365613); slip op at 9 (holding that "[i]ssues raised for the first time on reconsideration are not

properly preserved for appellate review" and are thus deemed to be waived).  Nor do we see grounds to disrupt the trial court's rejection of that argument in denying plaintiff's motion for reconsideration, given that there was no reason plaintiff could not have raised the argument prior to that motion.  See *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008).  And finally, even looking past those procedural deficiencies, this entry, on its face, only indicates that Whiteside was cited for driving without insurance; it is not apparent how it, in itself, would be sufficient to create a genuine issue of material fact as to whether Podolan was also uninsured.

In sum, we do not see, in plaintiff's arguments on appeal, any error in the trial court's ultimate conclusion that plaintiff failed to provide plausibly admissible evidence demonstrating that both Podolan and Whiteside were uninsured at the time of the collision.  We therefore find no grounds to disrupt the trial court's award of summary disposition to defendants.

Affirmed.

/s/ Stephen L. Borrello
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock