GRAUMAN et al. v. CITY CO. OF NEW YORK, Inc. et al.

KOHN et al. v. CITY CO. OF NEW YORK, Inc. et al.

United States District Court
S. D. New York.

June 12, 1941.

Harry B. Kurzrok, New York City, for plaintiff.

Shearman & Sterling, for defendant, National City Bank of New York.

Benjamin E. Messler, New York City, for defendant, City Co. of New York, Inc.

KNOX, Chief Judge.

The dismissal of the action, as respects the plaintiff, Barker, subject to the qualification hereinafter stated, will stand.

Upon December 18, 1933, Barker filed a voluntary petition in bankruptcy. Thereupon, he was adjudicated a bankrupt, and Francis Cobb, Esq., of Los Angeles, California, was appointed his trustee.

In filing his schedules, Barker listed as choses in action, the shares of stock of National City Bank, in relation to which this action was instituted.

On June 2, 1934, the bankrupt was granted his discharge. Some three years later, the bankruptcy proceedings were reopened for the purpose of clearing title to some real estate to which Barker was said to have been entitled. This asset realized a small sum for the bankrupt's creditors.

In filing his schedules, the bankrupt failed to list the causes of actions upon which he now sues the defendants. Nor, so far as appears has he ever informed his trustee of the existence of the claims here asserted. His creditors, apparently, have fallen far short of receiving the face value of their respective claims. So far as can be ascertained, neither the bankrupt's trustee, nor his creditors, have any knowledge of the right of recovery to which this court is requested to give attention.

The right, concerning which Barker here sues, is one which, in the ordinary course of events, would have passed to his trustee in bankruptcy. Such trustee, having had no notice of the existence of the claims on which Barker's claims are predicated, cannot rightfully be said to have abandoned the same. In the absence of evidence that the bankrupt's trustee is not desirous of litigating the issues which Barker tenders to the defendant, I see no reason why he should be permitted to prosecute them. If the claims have merit, it seems to me that Barker's duty is to inform his trustee of their existence, and to permit him, rather than himself, to reduce them to possession.

The dismissal of Barker's alleged causes of action, will not be disturbed unless, within forty-five days, his trustee in bankruptcy moves to be substituted as a party-plaintiff in the place and stead of Barker.