KURIAKUZ v COMMUNITY NATIONAL BANK OF PONTIAC

Docket No. 53434. Submitted May 7, 1981, at Detroit.—Decided June
   4, 1981.

   Frank Kuriakuz and Great Savings Market, of which Kuriakuz
   was co-owner, brought an action against Community National
   Bank of Pontiac, alleging that the bank had denied a loan
   which Kuriakuz had relied upon being able to receive and that
   Kuriakuz had consequently been forced into bankruptcy. The
   Oakland Circuit Court, Robert L. Templin, J., granted sum-
   mary judgment in favor of the defendant on the basis that the
   right of action had vested in the trustee in bankruptcy and that
   only the trustee could maintain the suit where there was no
   evidence that the trustee had abandoned the claim. Kuriakuz
   had not listed the right of action on the schedule of assets filed
   with the bankruptcy court. Kuriakuz and Great Savings Mar-
   ket appeal. *Held:*

      The right of action vested in the trustee in bankruptcy even
      though it was not listed on the schedule of assets filed in
      bankruptcy court and did not revert to Kuriakuz after the close
      of the bankruptcy estate. Only the trustee may assert the
      claim.

      Affirmed.

1. BANKRUPTCY — ASSETS — RIGHT OF ACTION — STATUTES.

   All of the assets of a party who files for bankruptcy, including a
   right of action, become vested in the trustee in bankruptcy and
   remain so during the pendency of the bankruptcy proceedings
   even if an asset is not listed on the schedule of assets filed with
   the bankruptcy court (11 USC 110[a]).

2. BANKRUPTCY — RIGHT OF ACTION.

   A bankrupt may bring suit on a right of action which has vested
   in the trustee in bankruptcy only by showing abandonment by
   the trustee or by receiving permission from the bankruptcy
   court; further, a bankrupt may never assert, during the pen-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 9 Am Jur 2d (Rev), Bankruptcy §§ 34, 413 *et seq.*
[2] 9 Am Jur 2d (Rev), Bankruptcy §§ 253, 254, 485.

dency of the bankruptcy proceedings, that the trustee has abandoned an asset if that asset has not been listed on the asset schedule.

3. BANKRUPTCY — TITLE TO PROPERTY.

A bankrupt, by omitting to schedule and withholding from the trustee all knowledge of certain property, may not, after his estate in bankruptcy has been closed, assert title to the property on the ground that the trustee had never taken any action in respect to that property.

*Remo Del Greco,* for plaintiffs.

*Kenneth R. Lango,* for defendant.

Before: BASHARA, P.J., and N. J. KAUFMAN and J. BANKS,* JJ.

PER CURIAM. Plaintiffs Frank Kuriakuz and Great Savings Market appeal from an August 11, 1980, order entered in Oakland County Circuit Court granting summary judgment, pursuant to GCR 1963, 117, in favor of defendant Community National Bank of Pontiac. This order dismissed plaintiffs' complaint without prejudice.

Plaintiffs filed their complaint on February 26, 1980. The complaint alleged that in 1977 defendant entered into an oral agreement with plaintiff Frank Kuriakuz (who was co-owner of Great Savings Market) whereby defendant was to make certain loans to Kuriakuz so that he could remain in business. It also alleged that plaintiff Kuriakuz detrimentally changed his position in reliance on this oral agreement and that the loan was subsequently denied by defendant without notice or satisfactory explanation.

Kuriakuz contends that he was forced into bankruptcy because of his detrimental reliance. As one of its affirmative defenses, defendant alleged that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff Kuriakuz is an adjudicated bankrupt, and, therefore, not the owner of the claim which forms the basis of this lawsuit. Defendant maintained that only the trustee in bankruptcy could assert this claim.

Attached as an exhibit to defendant's motion for summary judgment was plaintiff Kuriakuz's voluntary petition for bankruptcy, filed in November of 1978, and the schedules listing all of his assets.

The sole issue raised on appeal is whether a bankrupt is barred from bringing suit on a right of action which accrued prior to his filing for bankruptcy where the bankrupt did not disclose the right of action on the asset schedules filed with the bankruptcy court.

Section 70(A) of the old Bankruptcy Act, 11 USC 110(a), provided in pertinent part:

"(a) The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located * * * (6) rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property * * *."

When plaintiff Kuriakuz filed his petition for voluntary bankruptcy, all of his assets, including the right of action which forms the basis of the instant suit, became vested in the trustee in bankruptcy by operation of law. Section 70. This right of action remained vested in the trustee during pendency of the bankruptcy proceedings, even though the asset was not listed on the schedule of assets plaintiff Kuriakuz was required to file with

the bankruptcy court. See *e.g., Moore v Slonim,* 426 F Supp 524, 527-528 (D Conn, 1977), *aff'd* 562 F2d 38 (CA 2, 1977), *Scharmer v Carrollton Manufacturing Co,* 525 F2d 95 (CA 6, 1975), *In re Thomas,* 204 F2d 788 (CA 7, 1953).

Once a right of action vests in a trustee, the only way that a bankrupt may bring suit on that right of action, at least during the pendency of the bankruptcy proceedings, is by showing abandonment or by receiving permission from the bankruptcy court. See *Taylor v Swirnow,* 80 FRD 79, 82 (D Md, 1978), *Riverside Memorial Mausoleum, Inc v Umet Trust,* 469 F Supp 643 (ED Pa, 1979). It is equally clear that a bankrupt may never assert, during the pendency of his bankruptcy proceedings, that a trustee has abandoned an asset if that asset has not been listed on the asset schedule. See *Moore, supra, Scharmer, supra, In re Thomas, supra.*

At the hearing on the motion for summary judgment, plaintiff Kuriakuz's attorney stated that Kuriakuz was discharged in bankruptcy in March of 1979. Thus, the question presented in the instant case is whether title to this right of action revested in the bankrupt (plaintiff Kuriakuz) after the close of his bankruptcy estate, even though the asset was not listed on the schedule he filed with the bankruptcy court.

An early Supreme Court case addressed this issue and stated:

"It cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately thereafter assert title to the property on the ground that the trustee had never taken any action in respect to it. If the claim was of value * * * it was something to which the creditors

were entitled, and this bankrupt could not, by withholding knowledge of its existence, obtain a release from his debts, and still assert title to the property." *First National Bank v Lasater,* 196 US 115, 119; 25 S Ct 206; 49 L Ed 408 (1905).

Although there is some authority to the contrary, see Collier on Bankruptcy (14th ed, 1974), § 79, pp 94-96, we find the position expressed in *Lasater, supra,* to be persuasive. As was similarly stated in *Grauman v City Company of New York,* 113 F Supp 437, 438 (SD NY, 1941):

"In filing his schedules, the bankrupt failed to list the causes of actions upon which he now sues the defendants. Nor, so far as appears has he ever informed his trustee of the existence of the claims here asserted. His creditors, apparently, have fallen far short of receiving the face value of their respective claims. So far as can be ascertained, neither the bankrupt's trustee, nor his creditors, have any knowledge of the right of recovery to which this court is requested to give attention.

"The right, concerning which Barker here sues, is one which, in the ordinary course of events, would have passed to his trustee in bankruptcy. Such trustee, having had no notice of the existence of the claims on which Barker's claims are predicated, cannot rightfully be said to have abandoned the same. In the absence of evidence that the bankrupt's trustee is not desirous of litigating the issues which Barker tenders to the defendant, I see no reason why he should be permitted to prosecute them. If the claims have merit, it seems to me that Barker's duty is to inform his trustee of their existence, and to permit him, rather than himself, to reduce them to possession."

Based on the foregoing authority, we affirm the trial court's grant of summary judgment in favor of defendant. In so doing, however, we note that, since the action below was dismissed without prej-

udice, plaintiff Kuriakuz can petition the bankruptcy court to reopen his estate pursuant to bankruptcy rule 515. If the estate is reopened, the trustee will have the option of pursuing this action or abandoning it. In the alternative, the bankruptcy court could give plaintiff Kuriakuz permission to bring this action himself. Such procedure will protect the interests of plaintiff Kuriakuz's creditors.

Affirmed. Costs to defendant.