YOUNG v INDEPENDENT BANK

Docket No. 299192. Submitted September 8, 2011, at Detroit. Decided September 20, 2011, at 9:00 a.m. Leave to appeal denied, 491 Mich 908.

Independent Bank and Independent Mortgage Company initiated mortgage foreclosure proceedings against Alicia Young with regard to her primary residence. Young thereafter filed for Chapter 7 bankruptcy and, although Young's bankruptcy attorney and the bankruptcy trustee were aware of the foreclosure dispute and no lawsuit regarding the dispute had yet been filed, Young did not list a cause of action regarding the foreclosure dispute on her schedule of assets for purposes of the bankruptcy proceedings. The trustee eventually filed a report in the bankruptcy proceedings that did not list the potential lawsuit. The bankruptcy court thereafter entered a discharge in bankruptcy. Young then brought an action in the Oakland Circuit Court against Independent Bank and Independent Mortgage Company, seeking to quiet title to her residence. Defendants filed a motion for summary disposition, alleging that Young did not have standing to bring the action because the interest in the cause of action belonged to the bankruptcy estate and not to Young. The court, Shalina Kumar, J., agreed with defendants and granted their motion. Young appealed the order dismissing her action.

The Court of Appeals *held*:

1. A party filing for bankruptcy must list all his or her assets on the bankruptcy schedule, including all legal or equitable interests of the debtor in property as of the commencement of the case. The interests of the debtor in property include causes of action. The debtor loses all rights to his or her property when he or she files for bankruptcy. The right to pursue causes of action formally belonging to the debtor then vests in the trustee for the benefit of the estate and the debtor has no standing to pursue such causes of action on a vested asset unless the trustee abandons it or the court gives permission.

2. The trial court properly considered the foreclosure dispute an asset of the bankruptcy estate because Young clearly was aware that she was in the dispute with defendants when she filed for bankruptcy.

3. It is not disputed that Young did not receive permission from the bankruptcy court to bring her suit to quiet title. An unscheduled asset cannot be abandoned. A trustee's knowledge of an unscheduled asset does not create an exception to the rule that an unscheduled asset cannot be abandoned. The trial court properly held that plaintiff lacked standing to bring this suit regarding an asset belonging to the bankruptcy estate.

Affirmed.

1. BANKRUPTCY — SCHEDULE OF ASSETS — INTERESTS OF DEBTOR — CAUSES OF ACTION.

A party filing for bankruptcy must list all his or her assets on the bankruptcy schedule, including all legal and equitable interests of the debtor in property as of the commencement of the proceedings; the interests of the debtor in property include causes of action; a debtor loses all rights to his or her property when the debtor files for bankruptcy and a right to pursue a cause of action formerly belonging to the debtor then vests in the trustee for the benefit of the bankruptcy estate; the debtor has no standing to pursue such a cause of action unless the trustee abandons it or the court gives permission (11 USC 521[a][1], 11 USC 541[a][1]).

2. BANKRUPTCY — SCHEDULE OF ASSETS — UNSCHEDULED ASSETS — ABANDONMENT OF ASSETS BY BANKRUPTCY TRUSTEE.

An unscheduled asset cannot be abandoned by a bankruptcy trustee even if the trustee knows of the existence of the unscheduled asset.

Alicia Young *in propria persona.*

*Weltman, Weinberg & Reis Co., L.P.A.* (by *Stuart A. Best*), for Independent Bank and Independent Mortgage Company.

Before: M. J. KELLY, P.J., and OWENS and BORRELLO, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order of dismissal based on the conclusion that plaintiff did not have standing to bring the action. We affirm.

This action was brought to quiet title to plaintiff's primary residence. In December 2009 plaintiff filed for

Chapter 7 bankruptcy. Before that, defendants had initiated foreclosure proceedings against plaintiff regarding the residence. Defendants filed the requisite motions to proceed with the foreclosure outside the bankruptcy court.

Plaintiff disputed the foreclosure with the bank before and during the bankruptcy proceedings, though no lawsuit had yet been filed. Plaintiff did not list this cause of action on her schedule of assets for purposes of the bankruptcy proceedings. However, both plaintiff's bankruptcy attorney and the trustee were aware of the dispute with the bank.

The bankruptcy court entered a discharge in bankruptcy in March 2010, and plaintiff instituted this lawsuit within a month. Defendants filed a motion to dismiss on the ground that plaintiff did not have standing to bring the claim because the interest in this cause of action belongs to the bankruptcy estate and not to plaintiff. The trial court granted this motion.

Plaintiff argues that the trial court erred by concluding that she did not have standing. She asserts that the trustee knew about the potential lawsuit with the bank and abandoned the asset when the trustee filed his report that did not list the potential lawsuit. As a result, she asserts that the interest in the abandoned asset reverted back to her and therefore she has standing to bring this claim to quiet title. We disagree.

The question whether a party has standing to bring a claim is reviewed de novo because it is a question of law. *In re KH*, 469 Mich 621, 627-628; 677 NW2d 800 (2004).

A debtor loses all rights to his or her property when he or she files for bankruptcy. 11 USC 541(a). A party filing for bankruptcy must list all of his or her assets on the bankruptcy schedule, 11 USC 521(a)(1), in-

cluding "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 USC 541(a)(1). "[I]t is well established that the interests of the debtor in property include causes of action." *Bauer v Commerce Union Bank*, 859 F2d 438, 441 (CA 6, 1988) (quotation marks and citations omitted). Moreover, "the right to pursue causes of action formerly belonging to the debtor . . . vests in the trustee for the benefit of the estate. The debtor has no standing to pursue such causes of action." *Id.* (quotation marks and citation omitted). The debtor can only bring suit on a vested asset if the trustee abandons it or the court gives permission. *Kuriakuz v Community Nat'l Bank of Pontiac*, 107 Mich App 72, 75; 308 NW2d 658 (1981).

A cause of action that is known about and filed before the filing of bankruptcy is an asset and properly belongs to the bankruptcy estate whether or not it was listed on the schedule. *Id.* at 74-75. A cause of action is also an asset that properly belongs to the estate where a party has reason to know of the potential for the cause of action before the filing of bankruptcy and the suit is filed during the bankruptcy proceedings. See *Miller v Chapman Contracting*, 477 Mich 102, 104; 730 NW2d 462 (2007).

Here, plaintiff was aware of the dispute she had with the bank before the bankruptcy filing. Letters were exchanged between plaintiff and the bank and plaintiff's attorney both before and during the bankruptcy proceedings. However, plaintiff filed for bankruptcy and the bankruptcy was discharged before she filed the present lawsuit.

While no Michigan cases have considered this exact situation, other jurisdictions agree that any potential causes of action must be listed on the schedule. The

United States Court of Appeals for the Sixth Circuit held that where the party clearly knew the factual basis for the allegations of a sexual harassment claim but did not disclose that information to the bankruptcy court, that claim was an asset properly belonging to the bankruptcy estate. *White v Wyndham Vacation Owner-ship, Inc*, 617 F3d 472, 484 (CA 6, 2010).[1] The United States Court of Appeals for the Fifth Circuit is even more explicit, describing the debtor's "duty to disclose all assets, *including contingent and unliquidated claims.*" *In re Coastal Plains, Inc*, 179 F3d 197, 208 (CA 5, 1999).

> The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a "known" cause of action such that it must be disclosed. [*Id.* (citations and some quotation marks omitted).]

Plaintiff cites *Eubanks v CBSK Fin Group, Inc*, 385 F3d 894 (CA 6, 2004), for the proposition that an inadvertent omission of a claim in prior bankruptcy proceedings should not be judicially estopped. *Id.* at 899. Employing *Eubanks*, the *White* court noted:

> [T]o support a finding of judicial estoppel, we must find that: (1) White assumed a position that was contrary to the one that she asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) White's omission did not result from mistake or inadvertence. In determining whether White's conduct resulted from mistake or inadvertence, this court considers whether: (1) she lacked knowledge of the factual basis of the undisclosed claims; (2) she had a motive for concealment; and (3) the evidence indicates an absence of

---

[1] Federal caselaw is not binding precedent, but may be persuasive. *Sharp v City of Lansing*, 464 Mich 792, 803; 629 NW2d 873 (2001).

bad faith. In determining whether there was an absence of bad faith, we will look, in particular, at White's "attempts" to advise the bankruptcy court of her omitted claim. [*White*, 617 F3d at 478.]

In *Eubanks*, the bankrupt party made multiple attempts to amend the schedule and provide documentation of the potential dispute and repeatedly contacted the trustee to clarify the position of the suit. In contrast, the bankrupt party in *White* made what the court characterized as "limited and ineffective attempts to correct her initial misfiling . . . ." *White*, 617 F3d at 480. The *White* court noted that these attempts included an application to employ counsel, an affidavit, and eventually an amendment to her " 'Statement of Financial Affairs.' " *Id.*

Here, the efforts made by plaintiff to correct the record were weak in comparison to the examples in *Eubanks* and even in *White*. Plaintiff's only attempt to correct the record was during one hearing, where plaintiff mentioned to the trustee that she was in a fight with the bank, which was confirmed by her bankruptcy attorney. However, according to plaintiff's brief on appeal, later in that same meeting, plaintiff responded "No" when asked if she had any lawsuits or claims. There is no record of any follow-up effort made by either plaintiff or her attorney. There is no indication that documentation was provided to the trustee or that any effort was made by plaintiff to amend her schedule. Plaintiff's failure to inform the bankruptcy court, and thus to correct her misfiled schedule, distinguishes this case from *Eubanks*.

Because plaintiff clearly was aware that she was in a dispute with the bank regarding the foreclosure when she filed for bankruptcy, the trial court properly considered it an asset of the bankruptcy estate.

Plaintiff can only bring suit on an asset that is part of the bankruptcy estate if that asset has been abandoned or she is given permission by the bankruptcy court. *Kuriakuz*, 107 Mich App at 75. It is undisputed that plaintiff did not receive permission from the bankruptcy court.

Plaintiff claims that the trustee abandoned the claim when the trustee filed his report that did not list the potential lawsuit. However, an unscheduled asset cannot be abandoned. *Id.* at 75-77. Plaintiff claims that because the trustee knew of the claim, he abandoned it by not administering it elsewhere before filing his report. Certainly, in order to abandon an asset, the trustee must know about it. Still, a trustee's knowledge of an asset does not create an exception to the rule that an unscheduled asset cannot be abandoned. The United States Court of Appeals for the First Circuit stated that whether the trustee was aware of the asset was irrelevant because "the burden is on the debtors to list the asset . . . ." *Jeffrey v Desmond*, 70 F3d 183, 186 (CA 1, 1995). The court went on to state:

> What matters here is not what the appellants or their counsel said, it is what they did or, rather, failed to do. The state court action was not scheduled as an asset at any time during the bankruptcy proceedings. There is simply no such concept of "assumed abandonment," which is essentially what appellants ask us to find. [*Id.*]

In sum, the lawsuit in issue here is an asset of the bankruptcy estate because plaintiff knew of this dispute with the bank at the time she filed for bankruptcy even though no suit had yet been filed. Because it is an asset of the bankruptcy estate, plaintiff does not have standing to bring suit unless this claim was abandoned. An unscheduled asset cannot be abandoned even if the

trustee knows of its existence. Therefore, the trial court did not err by dismissing this case on the basis that plaintiff lacks standing.

Affirmed.

M. J. KELLY, P.J., and OWENS and BORRELLO, JJ., concurred.