# STATE OF MICHIGAN

# COURT OF APPEALS

NICK CIRENESE,

Plaintiff-Appellant,

v

TORSION CONTROL PRODUCTS, INC., TIM
THANE, and DAN WALKER,

Defendants-Appellees.

UNPUBLISHED
May 16, 2017

No. 331208
Oakland Circuit Court
LC No. 2015-146123-CD

Before: SERVITTO, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendants' motion for summary disposition and denying plaintiff's motion for summary disposition regarding his claim of retaliatory discharge in violation of the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.* We affirm.

## I. STANDARD OF REVIEW

This Court reviews the decision of a trial court on a motion for summary disposition de novo. *Grosse Pointe Law Firm, PC v Jaguar Land Rover North America, LLC*, 317 Mich App 395, 399; ___ NW2d ___ (2016). Further:

> In general, MCR 2.116(C)(10) provides for summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under

-1-

MCR 2.116(C)(10). [*Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013) (citations and quotation marks omitted).]

"The determination whether evidence establishes a prima facie case under the WPA is a question of law that this Court reviews de novo." *Hays v Lutheran Social Servs of Mich*, 300 Mich App 54, 59; 832 NW2d 433 (2013) (citation omitted).

## II.  GOVERNING LAW

Plaintiff contends the trial court erred in granting summary disposition in favor of defendants and denying his motion for summary disposition.  We disagree.

The WPA, MCL 15.362, provides:

An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

As recently discussed by this Court in *McNeill-Marks v Midmichigan Medical Center-Gratiot*, 316 Mich App 1, 16-17; 891 NW2d 528 (2016) (citations and quotation marks omitted):

To establish a prima facie case under the above provision, a plaintiff must show that (1) the plaintiff was engaged in a protected activity as defined by the WPA, (2) the plaintiff was discharged, and (3) a causal connection existed between the protected activity and the discharge.  Protected activity under the WPA consists of (1) reporting to a public body a violation of a law, regulation, or rule; (2) being about to report such a violation to a public body; or (3) being asked by a public body to participate in an investigation.

As a procedural matter:

To establish a prima facie case, a plaintiff can rely on either direct evidence of retaliation or indirect evidence.  Direct evidence is evidence that, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.  If the plaintiff establishes a prima facie case, a presumption of retaliation arises, which the employer can rebut by offering a legitimate reason for its action[.]  To avoid summary disposition after the employer offers such a reason, the plaintiff must show that a reasonable fact-finder could still conclude that the plaintiff's protected activity was a motivating factor for the employer's adverse action, i.e., that the employer's articulated legitimate reason was a pretext disguising unlawful animus.  [*Id.* at 17-18 (citations and quotation marks omitted).]

To establish that an employer's stated legitimate reasons for the adverse employment action comprise pretext, a plaintiff is required to demonstrate: (a) the articulated reasons lack a basis in fact, (b) if a factual basis does exist, that the reasons given are not the true basis for motivating the termination or discharge decision, or (c) if the reasons given did comprise factors in the decision, they were not sufficient to justify the action or decision. *Id.* at 18 (citation omitted). Thus, the pertinent "inquiry is whether the employer was motivated by retaliatory animus[.]" *Id.*

## III. EVIDENTIARY ISSUES

At the outset, while the parties do not contest that plaintiff's discharge comprised an adverse employment action, in the trial court defendants did not concede that plaintiff's filing of a police report comprised a protected activity on the basis that the report was false. *Id*. at 17. In support of their position, defendants provided a copy of the report generated by the Oakland County Sheriff's Department following their investigation, indicating that the prosecutor was unwilling to pursue the matter or bring charges. Plaintiff contests the admissibility of the police report.

In general, police reports constitute inadmissible hearsay. MRE 801(c); MRE 802; *In re Forfeiture of a Quantity of Marijuana*, 291 Mich App 243, 254; 805 NW2d 217 (2011). While defendants, in part, rely on the police report to suggest that plaintiff's claims are false, they also imply that the conclusion of the police investigation without charges against Henry Green served to bolster their own determination that plaintiff was not truthful about the alleged event and, therefore, their decision to terminate plaintiff's employment was justified and supported by legitimate reasons. If the police report was not offered for the truth of the matter asserted, it would not amount to hearsay pursuant to MRE 801(c). *Int'l Union, United Automobile, Aerospace and Agricultural Implement Workers of America v Dorsey*, 273 Mich App 26, 36; 730 NW2d 17 (2006). In any event, the admissibility of the police report is not dispositive because plaintiff was unable to establish a prima facie case of retaliatory discharge in violation of the WPA on the basis of causation.

Further, plaintiff contends that defendants have submitted improper character evidence regarding his performance and difficulties with coworkers. This Court has recognized that MRE 404(b) applies in civil as well as criminal cases. *Lewis v LeGrow*, 258 Mich App 175, 207; 670 NW2d 675 (2003). MRE 404(b)(1) evidence is admissible when:

> (1) the evidence is offered for some purpose other than character to conduct, or a propensity theory; (2) the evidence is relevant (having any tendency to make the existence of a fact more or less probable) and material (relating to a fact of consequence to the trial); (3) the trial court determines under MRE 403 that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice; and (4) the trial court may provide a limiting instruction under MRE 105. [*Lewis*, 258 Mich App at 208 (citations omitted).]

In the circumstances of this case, defendants' evidence of plaintiff's prior "bad acts" was not proffered as a reason for his discharge or termination or pursuant to a propensity theory. Rather, it was provided in response to plaintiff's contention that his "stellar" employment record led to the incontrovertible assumption that defendants' termination of his employment was the result of

discriminatory animus premised on his filing of a police report. As such, we conclude the evidence was not offered for an improper purpose.

IV. ANALYSIS

When attempting to establish a prima facie case of retaliatory discharge, it is generally recognized that it is "usually difficult to prove" the causation element. *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 275; 826 NW2d 519 (2012). Plaintiff suggests that the temporal proximity of his discharge to his reporting to police an incident allegedly involving Green threatening plaintiff with a knife is evidence of the retaliatory nature of his discharge. Contrary to plaintiff's assertion, in order to demonstrate retaliation it is incumbent on a plaintiff to "show something more than merely a coincidence in time between protected activity and adverse employment action[.]" *West v Gen Motors Corp*, 469 Mich 177, 186; 665 NW2d 468 (2003) (footnote and citation omitted). The Michigan Supreme Court has routinely indicated that causation cannot be established "simply on the basis of timing[.]" *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 287; 696 NW2d 646 (2005), amended 473 Mich 2015 (2005). As such, the timing of plaintiff's discharge does not, by itself, establish the necessary causation element for plaintiff's claim of retaliatory discharge.

Plaintiff asserts that Timothy Thane's response, as an owner and manager of Torsion Control Products, Inc. (Torsion), to a hypothetical question during his deposition constitutes an admission and, thus, is direct evidence of discriminatory animus. During his deposition, Thane stated, in response to a hypothetical question from plaintiff's counsel, that if the police had determined that Green had drawn a knife on plaintiff, Green would have been terminated and plaintiff would have been "brought . . . back." As an initial matter, plaintiff's position is undermined by additional testimony from Thane, indicating that had plaintiff returned to work, regardless of the truth of his allegations to the police, he would have been permitted to resume his employment. In addition, "parties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact." *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993) (citation omitted). Even if Thane's response to a hypothetical question were accepted as true, although causation "may be established by circumstantial evidence," such evidence cannot comprise "mere speculation." See, e.g., *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 496; 668 NW2d 402 (2003). Because the record does not contain direct evidence of retaliation, the next step is to evaluate whether any circumstantial evidence supports plaintiff's claim of retaliation.

As explained by our Supreme Court:

Absent direct evidence of retaliation, a plaintiff must rely on indirect evidence of his or her employer's unlawful motivations to show that a causal link exists between the whistleblowing act and the employer's adverse employment action. A plaintiff may present a rebuttable prima facie case on the basis of proofs from which a factfinder could infer that the plaintiff was the victim of unlawful [retaliation]. Once a plaintiff establishes a prima facie case, a presumption of [retaliation] arises because an employer's adverse action is more likely than not based on the consideration of impermissible factors—for example,

-4-

here, plaintiff's protected activity under the WPA—if the employer cannot otherwise justify the adverse employment action. [*Debano-Griffin v Lake Co*, 493 Mich 167, 176; 828 NW2d 634 (2013) (citations and quotation marks omitted).]

But if an employer proffers "a legitimate reason for its action and the plaintiff fails to show that a reasonable fact-finder could still conclude that the plaintiff's protected activity was a 'motivating factor' for the employer's adverse action," summary disposition may be appropriate. *Id.* (citation omitted). Significantly, "a plaintiff must not merely raise a triable issue that the employer's proffered reason was pretextual, but that it was a pretext for [unlawful discrimination.]" *Id.* (citation omitted).

As evidence of retaliation, plaintiff argues that that his prior record as a good employee for defendants, receiving raises and bonuses routinely, belied any subsequent contention by defendants that he was a troublemaker or problematic in the workplace. He contends that efforts by defendants taken after-the-fact to blemish his reputation as an employee are evidence of their animus, particularly when considered in context of the close temporal proximity between his filing of a police report and his termination.

While "it is reasonable to conclude that the more an employer is affected by the plaintiff's whistleblowing activity, the stronger the causal link becomes between the protected activity and the employer's adverse employment action[,]" *id.* at 178, in this instance there is no evidence or suggestion that plaintiff's filing of a police report adversely impacted defendants. First, plaintiff's police report pertained to the alleged criminal behavior of Green and did not allege wrongdoing by defendants. Hence, the ensuing police investigation can be said to be tertiary or peripheral to defendants and their business interests. Second, the testimony of various individuals that worked at Torsion indicated that defendants did not display a negative response to the filing of the police report, but rather, welcomed the investigation as a means to definitively determine how events transpired. As such, there is simply no factual basis in the record to infer a retaliatory motive on the part of defendants. As noted previously, any temporal proximity between plaintiff's discharge and his filing of a police report is insufficient to establish causation. *West*, 469 Mich at 186.

Plaintiff also contends that the absence of a disciplinary record, coupled with his prior receipt of bonuses and raises, permits an inference that there existed a retaliatory motivation for his discharge. However, the record reflects that defendants resorted to written discipline very rarely and preferred "course correction" to address issues when they arose in the workplace. Moreover, plaintiff's receipt of raises or bonuses, commensurate with everyone in Torsion on a routine basis, does not diminish or outweigh the evidence put forth by defendants that plaintiff was a difficult employee, often involved in confrontations with multiple coworkers. Further, contrary to plaintiff's assertion, his supervisor, Daniel Walker, testified that he retained informal notes on all employees and primarily developed the notes in close proximity to when events occurred. Plaintiff's implication that the listing of concerns pertaining to plaintiff's behavior in the workplace was fabricated by defendants is therefore without evidentiary support. Simply because one incident involving plaintiff and a supplier's employee resulted in additional verification of the event after Thane queried Walker regarding whether any known altercations involving plaintiff had not been documented, does not suggest that defendants' evidence was

purposefully developed retrospectively as a means to substantiate plaintiff's discharge. Accordingly, any circumstantial evidence put forth by plaintiff does not establish a question of fact regarding causation necessary to overcome summary disposition of his retaliatory discharge claim.

## V. PRETEXT

Additionally, even if plaintiff could establish a prima facie case of retaliation, he cannot meet the burden shifting requirements to establish pretext. Plaintiff claims that defendants set forth various and conflicting reasons for his discharge, which should be construed as supportive of his claim of pretext. Specifically, plaintiff argues that defendants initially justified his discharge as a voluntary termination for failing to return to work, but then proffered conflicting reasons for his termination including his alleged misconduct or problematic behavior at work. However, defendants have consistently asserted that plaintiff's discharge was the result of his failure to return to work. The record reflects that plaintiff left work and did not return despite having indicated to defendants dates when he would present for his shift. Initially, plaintiff indicated he would only return to work upon receipt of a "guarantee" of his safety. He informed defendants approximately 30 minutes before the initiation of his shift on March 4, 2015, that he would not report for work. Plaintiff then indicated, in accordance with a physician's note which defendants deny receiving, that he would remain off of work until March 9, 2015. Again, he did not appear, next asserting he would return to work on March 11, 2015, but did not report for his scheduled shift. As a result, defendants contacted plaintiff in writing to inform him that they were treating his failure to return to work as a voluntary resignation. Defendants' contentions regarding plaintiff's history of problematic behavior at Torsion were in response to plaintiff's assertion of a "stellar" work record and not proffered as a justification for his termination.

Plaintiff contends that the shifting justifications for his termination created a genuine issue of material fact, citing to federal case law, which indicates that "[s]hifting justifications over time calls the credibility of those justifications into question. By showing that the defendants' justification for firing him changed over time, [the plaintiff] shows a genuine issue of fact that the defendants' proffered reason was not only false, but that the falsity was a pretext for discrimination." *Pierson v Quad/Graphics Printing Corp*, 749 F3d 530, 540 (CA 6, 2014) (citation omitted). As such, "shifting justifications raise an inference that the proffered reasons are false and are pretext for discrimination." *Id.* at 541.

Contrary to plaintiff's contention, there is no basis to apply the shifting justifications reasoning in the circumstances of this case. The legitimate reason proffered by defendants, plaintiff's ongoing failure to report for work or provide sufficient notification for his absence, did not vary or conflict with the reason provided at the time of plaintiff's termination, which indicated his failure to return to work was being treated as a voluntary termination. The mere fact that defendants also noted other concerns pertaining to plaintiff at Torsion do not comprise conflicts in the reasons for the termination, but rather, context for their failure to encourage plaintiff to return to work. "[T]he existence of a possible additional non-discriminatory basis for [plaintiff's] termination does not, however, prove pretext." *Tidwell v Carter Prod*, 135 F3d 1422, 1428 (CA 11, 1998). Notably, defendants' explanation for plaintiff's termination has not shifted or varied from their initial assertions. While it is readily acknowledged that although "[f]ederal caselaw is not binding precedent, [it] may be [considered as] persuasive," *Young v*

*Independent Bank*, 294 Mich App 141, 145 n 1; 818 NW2d 406 (2011) (citation omitted), because we conclude defendants' reasons for plaintiff's termination did not comprise shifting justifications or evidence of pretext, the "shifting justifications" analysis is simply not applicable under the facts of this case.

Affirmed. Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.


/s/ Deborah A. Servitto
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood