*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER KARAS and LAURIE KARAS,

Plaintiffs-Appellants,

v

MERCY HEALTH PHYSICIAN PARTNERS EAST
BELTLINE and MELANIE RANTA,

Defendants-Appellees.

UNPUBLISHED
October 15, 2020

No. 348943
Kent Circuit Court
LC No. 17-011585-NH

Before: LETICA, P.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

In this action for medical malpractice, plaintiffs appeal as of right the trial court orders granting summary disposition in favor of defendants and denying plaintiffs' motion for reconsideration. Finding error warranting reversal, we vacate the orders granting summary disposition and denying reconsideration and remand for proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On December 31, 2015, plaintiff Christopher Karas[1] sought treatment from defendants for multiple ailments, including back pain and fatigue. Defendant Melanie Ranta, a nurse practitioner, purportedly recommended a change in plaintiff's medication. However, the complaint alleged that defendant Ranta's course of treatment did not follow the medication manufacturer's recommendation that a gradual reduction in dosage occur instead of an abrupt discontinuation. Consequently, plaintiff's claim of medical malpractice was premised on this sudden change of medication without being appropriately advised of the risks. He alleged that his conditions worsened as a result of the ill-advised medication change and caused other attendant problems.

---

[1] Because the claim raised by plaintiff Laurie Karas does not allege medical malpractice, just marital damage, the singular term "plaintiff" refers to Christopher Karas only.

On November 29, 2016, plaintiffs filed a petition for Chapter 7 bankruptcy. On Schedule C of their voluntary petition for bankruptcy, plaintiffs claimed an exemption for the potential medical malpractice action. Plaintiffs' bankruptcy was discharged on April 7, 2017, and an order of final decree, closing plaintiffs' bankruptcy estate and discharging the bankruptcy trustee, was entered. However, the bankruptcy trustee filed an application to employ special counsel "to represent the estate for all claims related to the medical malpractice claim involving the debtor." Consequently, on May 9, 2017, the bankruptcy case was reopened for continued administration. On June 14, 2017, an order appointing special counsel for the bankruptcy trustee was entered.

On December 27, 2017, plaintiff initiated this action by filing a complaint against defendants for medical malpractice.[2] Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(5) and (C)(8), asserting that plaintiffs did not have standing and failed to assert a claim upon which relief could be granted. Specifically, defendants alleged that all of plaintiffs' assets, including the medical malpractice action, became the sole property of the bankruptcy estate as controlled by the bankruptcy trustee once plaintiffs filed for Chapter 7 bankruptcy. Accordingly, defendants claimed that the bankruptcy trustee was the only real party in interest and the only party who had standing to pursue the action. Defendants requested that the trial court dismiss plaintiffs' action because plaintiffs were not the proper parties in interest and did not have standing. They further alleged that amendment of the complaint was futile because the addition of the bankruptcy trustee, a new party, was not permitted in light of the expiration of the statute of limitations.

Plaintiffs opposed the dispositive motion, asserting that summary disposition was not proper under MCR 2.116(C)(5) and (C)(8) because defendants waived the affirmative defense that plaintiffs lacked the legal capacity to sue by failing to assert it in their first responsive pleading. Additionally, plaintiffs claimed that defendants' motion was untimely and violated the trial court's scheduling order. At the hearing on defendants' motion for summary disposition, the trial court orally granted defendants' motion for summary disposition because it determined that the bankruptcy trustee was the proper party in interest. The trial court also issued a written opinion at this hearing, which provided in relevant part:

> As it pertains to a standing defense, this issue is more properly described as a real-party-in-interest defense. Although a motion pursuant to MCR 2.116(C)(5) is improper at this time, "a motion for summary disposition asserting the real-party-in-interest defense more properly fits within MCR 2.116(C)(8) or MCR 2.116(C)(10), depending on the pleadings or other circumstances of the particular case."

\* \* \*

---

[2] In this filing, Christopher Karas was the sole plaintiff. On July 2, 2018, a first amended complaint was filed, adding Laurie Karas as a plaintiff to the litigation.

Summary disposition is appropriate in this case. [Plaintiffs] are not a "real party in interest" in this matter. At the time of filing, the only proper party in interest was the trustee for the bankruptcy estate. . . .

Although summary disposition is not appropriate under MCR 2.116(C)(5) or MCR 2.116(C)(8) because of time limitations and this Court's reliance on documents beyond the pleadings, no genuine issue of material fact exists that can correct the real party in interest issues with this case. Further proceedings are futile and [defendants'] motion must be granted pursuant to MCR 2.116(C)(10).[3]

Plaintiffs filed a motion for reconsideration, contending that the trial court violated their procedural due process rights by sua sponte granting summary disposition to defendants under MCR 2.116(C)(10), a ground not raised by defendants, without providing plaintiffs advance notice or a meaningful opportunity to be heard. Plaintiffs also alleged that the trial court erred by determining that plaintiffs were not parties in interest to the action because they properly claimed an exemption for the medical malpractice action from their bankruptcy estate. Plaintiffs asserted that when there was no objection to their exemption of the medical malpractice action in the bankruptcy petition they became real parties in interest and had standing to bring the medical malpractice action. Minimally, plaintiffs claimed that the listed exemption of the potential medical malpractice claim raised a genuine issue of material fact regarding whether plaintiffs were proper parties in interest. Therefore, plaintiffs requested that the trial court vacate or reverse its summary disposition order because summary disposition was not proper pursuant to MCR 2.116(C)(10).

To support their motion for reconsideration, plaintiffs submitted Schedule C of their bankruptcy petition, in which they claimed an exemption for a potential medical malpractice claim. Plaintiffs also submitted affidavits, averring that they claimed the potential medical malpractice action as an exemption on Schedule C and that plaintiffs retained counsel to investigate and pursue a possible medical malpractice action before the bankruptcy petition was filed. The affidavit of bankruptcy trustee Marcia Meoli also provided that plaintiffs had "a right to claim this medical malpractice action as exempt from property of the estate and did so under 11 USC 522 (d) (11) (D) and 11 USC 522 (I)." The bankruptcy trustee further swore that "[n]o objection to that claim of exemption ha[d] been filed" and that "both the Bankruptcy estate and [plaintiffs] maintain[ed] an interest in the medical malpractice case."

Nonetheless, the trial court denied plaintiffs' motion for reconsideration by concluding that the motion presented the same issues that were previously addressed, and it failed to demonstrate a palpable error. Plaintiffs now appeal.

## II. STANDARD OF REVIEW

Summary disposition is appropriate pursuant to MCR 2.116(C)(10) where there is "no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary

---

[3] The trial court cited MCR 2.116(I)(1) as support for its determination that summary disposition must be granted in favor of defendants pursuant to MCR 2.116(C)(10).

disposition challenged under MCR 2.116(C)(10), the court considers the affidavits, pleadings, depositions, admissions, and other admissible documentary evidence then filed in the action or submitted by the parties. MCR 2.116(G)(4), (G)(5); *Puetz v Spectrum Health Hosps*, 324 Mich App 51, 68; 919 NW2d 439 (2018). To succeed on a motion for summary disposition, the moving party must make and support the motion with admissible documentary evidence. *McCoig Materials LLC v Galui Constr Inc*, 295 Mich App 684, 694; 818 NW2d 410 (2012). After the moving party makes and supports the motion, the burden shifts to the nonmoving to demonstrate a genuine issue of material fact. *Id*. A genuine issue of material fact exists when all of the evidence, taken in a light most favorable to the nonmoving party, would allow reasonable minds to differ with regard to the outcome of an issue. *Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013).

The trial court's ruling on a motion for reconsideration is reviewed for an abuse of discretion. *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Id*. To prevail on a motion for reconsideration, the moving party must demonstrate a palpable error upon which the court and the parties were misled such that a different disposition would result if the error was corrected. MCR 2.119(F)(3). The trial court has discretion to grant reconsideration for the correction of mistakes, the preservation of judicial economy, and the minimization of costs. *Auto-Owners Ins Co v Compass Healthcare PLC*, 326 Mich App 595, 607-608; 928 NW2d 726 (2018).

## III. REAL PARTY IN INTEREST – BANKRUPTCY EXEMPTION

Plaintiffs contend that the trial court erred by granting summary disposition under MCR 2.116(C)(10) and by denying their motion for reconsideration because plaintiffs were real parties in interest to this action when they properly claimed an exemption for this medical malpractice action from their bankruptcy estate. We agree.

Only a real party in interest may initiate an action. See MCR 2.201(B). "A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another." *Miller v Chapman Contracting*, 477 Mich 102, 106; 730 NW2d 462 (2007) (quotation marks and citations omitted). "When a debtor files a Chapter 7 bankruptcy petition, all of the debtor's assets become property of the bankruptcy estate, see 11 USC § 541, subject to the debtor's right to reclaim certain property as 'exempt,' § 522(*l*)." *Schwab v Reilly*, 560 US 770, 774; 130 S Ct 2652; 177 L Ed 2d 234 (2010). A debtor's interest in a potential cause of action constitutes an asset under the bankruptcy code, and a debtor has a duty to disclose a potential action even if the claim is contingent, dependent, or conditional. *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 481; 822 NW2d 239 (2012), citing 11 USC 521(a)(1)(B)(*i*). Accordingly, a debtor's interest in a potential cause of action generally "vests in the trustee for the benefit of the estate" when the debtor files for bankruptcy, and the debtor loses standing to pursue the cause of action. *Young v Indep Bank*, 294 Mich App 141, 144; 818 NW2d 406 (2011).

However, an exception to this general rule arises when a debtor claims an exemption for his interest in a potential cause of action. See *Szyszlo v Akowitz*, 296 Mich App 40, 50; 818 NW2d 424 (2012). Specifically, a debtor is entitled to claim an exemption for a potential cause of action under 11 USC 522(d)(11)(D) of the bankruptcy code, *id*. at 47, and the claimed exemption is valid

provided no objections are filed.  See *id*. at 48; 11 USC 522(*l*).  Although any amounts recovered from a properly exempted cause of action "above the amount of the statutory exemption would flow to the bankruptcy estate," a debtor's interest in the cause of action through the statutory exemption "represents a present, substantial interest and provides the necessary standing for [the debtor] to pursue the action."  *Szyszlo*, 296 Mich App at 49 (quotation marks, citations, and emphasis omitted).  Consequently, when a Chapter 7 bankruptcy debtor properly claims an exemption for a potential cause of action, the debtor has standing and may pursue the exempted cause of action.  *Id*. at 50.

In this case, it is undisputed that plaintiffs claimed an exemption for this medical malpractice claim when they filed their petition for Chapter 7 bankruptcy without objection.  Therefore, the exemption claimed for the medical malpractice cause of action was valid and vested plaintiffs with a present and substantial interest in this case.  See *id*. at 47-49.  Because plaintiffs had standing to bring this action, the trial court erred by granting summary disposition in favor of defendants under MCR 2.116(C)(10) and by denying plaintiffs' motion for reconsideration.  See *id*. at 49-50.  Minimally, the information contained in Schedule C of the bankruptcy petition  and the affidavits that plaintiffs filed with their motion for reconsideration created a genuine issue of material fact regarding whether plaintiffs properly claimed an exemption for this malpractice action and, therefore, had standing as real parties in interest.  See *Zaher*, 300 Mich App at 139-140; *Szyszlo*, 296 Mich App at 47-49.  Consequently, summary disposition pursuant to MCR 2.116(C)(10) was inappropriate.  See *Zaher*, 300 Mich App at 139.

Vacated and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Anica Letica
/s/ Kirsten Frank Kelly
/s/ James Robert Redford